Bijotat v. His Creditors.

---

AUGUSTE BIJOTAT v. HIS CREDITORS.

The compensation allowed to counsel appointed to represent the absent creditors in cases of insolvency, is in no case to be paid by the mass of creditors. The act of 1817, which provides that such compensation shall be at the rate of five per cent on the amount recovered for the absent creditors, to be deducted from such amount, and that it shall not exceed the sum of two hundred and fifty dollars, is not repealed by the 3164th article of the Civil Code.

In all cases where compensation is to be computed by a *per centage*, and no sum is realized by which it is to be borne, the compensation fails.

APPEAL from the Parish Court for the parish of New Orleans, *Maurian*, J.

Bijotat *v.* His Creditors.

MARTIN J. Paul Longis, one of the creditors, is appellant from a judgment overruling his opposition to a charge of one hundred and fifty dollars on the tableau, as a compensation to the attorney of the absent creditors. His counsel has urged that the act of 1817 provides that ' the fees of the counsellors who shall be appointed on behalf of the absent creditors, shall in no case be paid by the mass of creditors, but shall be levied on the amount of the sums which shall be recovered for the account of the said absent creditors, at the rate of five per cent; provided, that in no case the fees allowed to the counsellors appointed on behalf of the absent creditors shall exceed the sum of two hundred and fifty dollars.' The counsel for the appellees has contended that this part of the act has been repealed by the Civil Code, art. 3164, which directs that ' the costs of affixing seals and making inventories for the better preservation of the debtor's property, those which occur in cases of failure or cession of property, *for the general benefit of creditors,* such as fees to lawyers appointed by the court to represent absent creditors, commissions to syndics, and finally, costs incurred for the administration of estates, which are either vacant or belonging to absent heirs, enjoy the privileges established in favor of law charges.' The Parish Court has thought, with the latter counsel, that the part of the act of 1817 referred to, was repealed, and accordingly has overruled the opposition, it appearing to him that the compensation on a *quantum meruit* was reasonable, although there was not any thing coming to the absent creditors. In our opinion he erred. The Code declares, indeed, that the fees of the attorney of the absent creditors are among those which are for the general benefit of creditors. From this declaration it may be perhaps contended, that as those fees are for the general benefit of all the creditors, they are not to be borne by a part of them; and thus the absent creditors ought to be relieved from part of the burden which the act of 1817 imposed upon them. It is useless that we should now express any opinion on this point. The legislature thought proper, in 1817, to direct that the compensation of the attorney of the absent creditors should not be settled on a *quantum meruit,* but computed by a per centage. It does not appear to us that it was the intention of the legislature to alter this, by the part of the Code referred to. The compensation is still to be a per centage, which cannot be computed

on the total amount of the sum coming to all the creditors, but only on the amount of those coming to absent creditors. In the present case, there is nothing coming to those creditors, and it is urged that as the attorney is to be without a compensation, a new rule ought to be adopted, to wit, relief on a *quantum meruit.* This the legis- lature has not thought proper to direct. In all cases where compen- sation is to be computed by a per centage, and there is no sum by which this per centage is to be borne, the compensation fails. Be- tween the year 1817 and the promulgation of the Code, it does not appear that there was any difficulty in obtaining members of the bar to represent absent creditors in a failure, although the compen- sation allowed by law was precarious. Nothing shows that the legislature had any thought of changing the law, for the purpose of enabling the courts to find with more facility attorneys to represent such creditors. Gentlemen of the bar when appointed in attach- ment cases, to represent the absent defendant, are allowed by the court a fee to be paid out of the property attached when the plain- tiffs obtain judgment, *id est,* when they lose the case in which they are appointed to protect the defendant. No allowance is made to them if their labor is crowned with success. Attorneys appointed by the court to represent the interests of absent creditors in a case of failure, or absent debtors in attachment cases, run a chance for their fees; but as no one is bound to accept such appointments, those who take them cannot complain, if the case in which they engage turns out to be one of those in which the law has provided no com- pensation for their labors. A sheriff may be at great trouble in endeavoring to execute a process, and still be without compensa- tion, if notwithstanding his utmost exertions, he is unable to exe- cute it.

It is therefore ordered that the judgment be reversed, and that the opposition of the appellant be sustained, and the charge of $150 on the tableau for the compensation of the attorney of the ab- sent creditors be stricken out; the costs to be paid in both courts out of the estate surrendered.

*Castera,* for the appellant. No counsel appeared for the ap- pellees.