## PANDELLY *v.* HIS CREDITORS.

The syndics of an insolvent estate may be entitled to an allowance for the hire of a clerk employed by them, where they allege and prove that extraordinary skill as an accountant was required to unravel complicated accounts, left in confusion by the insolvent. In the absence of such allegations and proof, the hire of a clerk employed by them must be paid for by the syndics themselves.

The compensation allowed to counsel appointed to represent the absent creditors, in cases of insolvency, is to be paid out of the amount due to the absent creditors. It cannot be charged

PANDELLY
*v.*
HIS CREDITORS

to the mass of creditors. Sec. 38 of the act of 20th February, 1817, which provides that such compensation shall in no case be paid by the mass of creditors, is not repealed by art. 3164 of the Civil Code.

The syndics of an insolvent estate are not entitled to credit for compensation allowed to an attorney of absent creditors, though paid, under an order of court, where the amount was paid out of funds belonging to the mass of creditors, and the order was made *ex parte.* The provision of sec. 3 of the stat. of 13th March, 1837, which declares that a syndic shall on no account withdraw any deposits made by him in bank, "until a tableau of distribution is homologated, or unless ordered by a competent court, and then only to pay such debts as may be ordered to be paid," does not render such a payment legal. *Per Curiam:* The act of 1837 was intended to place additional safeguards around the rights of creditors; not to repeal any pre-existing regulation on the subject of a tableau of distribution.

The commission allowed by sec. 4 of the stat. of 29th March, 1826, to the syndics of an insolvent estate, where no commission has been fixed by the creditors, "of five per cent upon a sum not exceeding fifty thousand dollars, of three per cent upon sums above fifty thousand dollars, and not exceeding one hundred thousand dollars, and of two per cent upon all sums exceeding one hundred thousand dollars," must be calculated upon the whole amount of money actually received or disbursed by them, and not upon the amount of each separate distribution.

Appeal by the attorney of the syndics from a judgment reducing the fee allowed to him in a tableau filed by the syndics. The appeal was taken before the adoption of the constitution of 1845. *Held,* that the constitution of 1845 having provided, art. 71, that "no court or judge shall make any allowance by way of fee or compensation, in any suit or proceedings, except for the payment of such fees to ministerial officers as may be established by law," the court is without jurisdiction to affirm, increase, or reduce the allowance, and that the appeal must be dismissed.

The syndics of an insolvent estate cannot appeal from a judgment amending a tableau of distribution, by directing a sum allowed to the mortgage creditors to be classed as a moveable, and subjected to the payment of law charges, the amendment being beneficial to the mass of creditors.

APPEAL from the District Court of the First District, *Buchanan,* J. *Bodin* for the appellants. *Grailhel,* contrâ.

The judgment of the court was pronouned by

SLIDELL, J. This case comes before us on two appeals, one taken by the syndics, and one by *A. Bodin.*

A tableau of distribution having been filed by the syndics, *Grailhe* filed several oppositions. A portion of these oppositions were sustained.

We proceed to consider them in the order in which they were discussed at the bar.

I. The first opposition was to a charge on the tableau, under the head of "new charges of the estate," in these words: "Clerk of syndics, $200." The counsel for the syndics, as appears by a bill of exceptions, offered a witness to prove "at what time, and on what occasion, the services were rendered, and the necessity, as well as the value of the services rendered by the clerk employed by them." This testimony the court refused to receive, on the ground that the law does not authorise syndics to compensate persons employed by them as clerks, and that the testimony was therefore irrelevant.

Under the vague and general allegation of the tableau—"Clerk of syndics, $200"—we think the evidence was properly rejected. The syndics receive a compensation for their services in the shape of a commission. Among the services which the law expects them to render, is the keeping of proper official accounts. Cases may occur in which extraordinary skill as an accountant might be required to unravel complicated accounts, left in confusion by the insolvent; and, in such cases, upon a distinct and explicit allegation by the syndics of the

difficulties and necessities of the case, we are not prepared to say that testimony <span style="float:right">Pandelly</span> in support of such allegations would be inadmissible. Such was not the allega- <span style="float:right">His Creditors</span> tion of this tableau; and, moreover, it is shown by the smallness of the fund now proposed to be distributed, and other circumstances, that the business of the syndics since the former tableau was made, and in reference to which this charge, expressly classed under the head of new charges, was incurred, could not have been of so onerous and complicated a character as to require services of this nature at the charge of the fund. We concur with the judge of the court below that the hire of the clerk should be borne by the syndics themselves. It was urged as a reason for sanctioning this charge, that the syndics have displayed great zeal and intelligence in the management of this estate. However praiseworthy such qualities, the law gives no extra allowance for them. Diligence and reasonable skill are always expected; and it is as a compensation for them that the commission is granted by the statute.

The charge was properly erased from the tableau.

II. The next item opposed was that of $250, an allowance to the attorney appointed to represent the absent creditors, which the syndics had paid to him before filing the tableau. It was opposed on the ground that the fees of an attorney appointed in behalf of the absent creditors should, in no case, be paid by the mass of creditors, but should be levied on the amount of the sums recovered for the account of the absent creditors. Such is the very language of the statute; and this provision of law has been already enforced by the former Supreme Court, in the case of *Bijotat* v. *His Creditors*, 1 Rob., 272. In that case, the court also considered and refuted the argument, then, as now, advanced, founded upon art. 3164 of our Civil Code.

It is also urged that the syndics paid this charge under an express authorization of the court.

There appears in the record an *ex parte* order, rendered some years since, on motion of counsel, (in whose behalf it is not stated, but we presume of the attorney thus appointed,) by which it is ordered that a fee of $250 be taxed as part of the costs in this case, as a compensation for his professional services rendered to the absent creditors. It is said, also, that the syndics paid the amount on presentation of a copy of this order. It is argued that by the act of 1837 (Session Acts, p. 95,) syndics are commanded to deposit their collections in bank, to keep a bank book, and on no account to remove or withdraw said deposits, or any part thereof, until a tableau of distribution shall be homologated, or *unless ordered by a competent court*, and then only to pay such debts as may be ordered for payment. The law imposes, also, for the violation of its provisions, a heavy penalty in the form of twenty per cent interest, and dismissal from office. Here, it is said, there was an order of court directing the payment.

This law was intended to place additional safeguards around the rights of creditors; and we cannot consider it as abrogating the pre-existing salutary provisions with regard to a tableau of distribution, at which all creditors may appear and exercise the right of opposition, and as substituting in its stead the duty of payment upon an *ex parte* order, rendered at the instance of the person to whom the payment is to be made.

The item was properly erased from the tableau.

III. The next item opposed, was a charge by the syndics of five per cent commission on an amount stated as new collections. The opponent contends that, as the syndics had received a commission, under a previous tableau, of more

than $4,000, at the rate of five per cent on the first $50,000, three per cent on the next $50,000, and two per cent on the residue, as prescribed by the statute of 1826, (2 Moreau's Digest, p. 437,) and as the new collections which figure on the present tableau form part of the same mass or estate, the commission should only now be charged at two per cent. The syndics, on the contrary, contend that, on every new distribution, they have a right to charge independently of the previous tableau.

This claim of the syndics we do not consider justified, either by the letter, or the spirit of the statute. Both funds were parts of the same mass, and the commission should be graduated according to the total product of the estate, and not according to each separate distribution. A contrary interpretation might lead to abuse, by holding out an inducement to syndics to file several tableaux, from time to time, for the purpose of securing the five per cent commission on each.

The reduction of this item was properly made by the court below.

IV.   The item of disbursement to a surveyor for a plan of certain real estate, it is conceded by both parties, should have been placed to the debit of the particular asset, for the benefit of which it was incurred. It would seem that the court below was of this opinion, and that the omission to do so was a mere oversight. It should be corrected accordingly.

V.   The next item opposed was the fee proposed to be allowed to the attorney and counsel of the syndics, which was put down at $700, and reduced by the judge to $400, from which decision the counsel, in his individual character, has appealed.

With regard to this appeal, an obstacle presents itself, which, although not suggested by the appellee, we are bound to notice.

At the time when the appeal was taken, the now existing constitution, although framed, was not yet adopted by the people. Since that time the constitution has been adopted, and has been ordained and established as the constitution of the State of Louisiana. The constitution contains the following provision : "No court or judge shall make *any* allowance by way of fee or compensation in *any* suit or proceedings, except for the payment of such fees to ministerial officers as may be established by law." Art. 71. This prohibition is universal in its terms, except as therein excepted. It applies to all courts and to all allowances of fees, except the fees of ministerial officers. We are without jurisdiction either to affirm, increase or reduce the allowance in question. This appeal must, therefore, be dismissed.

VI.   The next opposition relates to a sum of $227 93, which is stated in the tableau thus : "Amount of interest received from the Consolidated Bank, $227 93." As we have been unable to identify this interest with any particular funds, the proceeds of sale of real estate, we are obliged to consider it as moveable, in accordance with the opinion of the court below. It was rightfully subjected, therefore, to law charges, under article 3158 of the Civil Code.

VII.   The next opposition relates to a sum of $241.44, which is thus stated in the tableau :  " Interest received of *Pepin*, on his notes for the price of a portion of said last mentioned lots." It was given by the tableau to the mortgage creditors. On the opposition of *Grailhe*, the court declared it to be a moveable and subject to the law charges, and amended the tableau accordingly.

This amendment was beneficial to the mass of creditors, and detrimental to the mortgage creditors. The mortgage creditors have not appealed, and upon

the appeal of the syndics we ought not to reverse the decree of the court below; for, in accordance with the decision in the case of *Ferguson* v. *Hall*, 19 La. 278, we consider the syndics as incompetent to take an appeal as to the decree upon this item. The principle would indeed apply to some other disputed items considered above, in which cases, however, its application was unimportant, since we concurred as to them with the court below.

Lastly, the rights of *Grailhe* to the reimbursement of the sum of $497, paid by him as contribution to law charges, is not disputed, so far as there may be funds left on hand for that purpose.

It is, therefore, decreed, that the appeal of *A. Bodin* be dismissed, the said *A. Bodin* paying one-half of the costs of the said two appeals. And it is further decreed, that, as to the judgment from which said syndics have appealed, (and exclusive of the judgment as to the fee of *A. Bodin*, which will remain as though no appeal had been taken), so much thereof be affirmed as is consistent with the opinions above expressed, and that in other respects the same (exclusively as aforesaid) be reversed. And this case is now remanded to the court below, with instructions to said court to amend the tableau of distribution according to the principles above set forth, and for further proceedings according to law; one-half of the costs of the said two appeals, to be borne by the insolvent estate.