[PHILADELPHIA, FEBRUARY 14, 1835.]

## ADAM MILLER and ELIZABETH his wife formerly SCHNEI-DER, in right of his wife, and MARY HOFFMAN *against* JOHN SCHNEIDER.

### CASE STATED.

Testator devised certain real estate in the first instance to his daughters in fee simple; and afterwards directed that in the division of the estate, the real property should be valued and allotted to the sons; and that the shares and dividends of his real and personal estate in his will given or intended for his daughters, should remain and be vested in his wife and sons in trust for the separate use of his daughters for life, with limitations over in the event of their death without leaving children. He further directed that the shares of his daughters should be placed at interest, and the principal and interest paid to his daughters from time to time, as his executors should think best, and that the principal of the dividends of his daughters in the valuation of his real estate, if taken by his sons at the valuation, should not be demandable by his daughters under five years. The sons refused to take at the valuation. *Held,* that the case had not arisen under which the trusts of the will *as to the daughters' portions could go into operation:* and that they were entitled to partition.

PARTITION.—It was agreed that the court should give judgment and award a writ to make partition according to the purparts of the parties, in case they were of opinion that the plaintiffs were entitled to partition.

A case was stated for the opinion of the court in substance as follows:

*John C. Schneider,* the father of the plaintiffs *Elizabeth* and *Mary,* and of the defendant, died in February 1802, seized of the real estate as set forth in the declaration, having made his last will and testament, bearing date the 14th day of November, 1799, whereby he devised all the residue of his real and personal estate, to his four children, *John, Mary, Michael* and *Elizabeth,* their heirs, executors, administrators and assigns, to be equally divided between them, part and share alike, as tenants in common, subject to certain limitations which are as follows:—

"Provided also, and it is my mind and will, that in the division of my estate between my said children, all my messuage and lots of ground in the said City of Philadelphia, shall be valued by three or more credible and judicious persons, and allotted at such valuation to my said son *Michael Schneider,* and his heirs and assigns: and that my plantation and lands in Bristol township with the appurtenances, shall likewise be valued by three or more judicious men, and at such valuation allotted to my said son *John,* and his heirs and assigns: and that all the shares and dividends of my real and perso-

(Miller and another *v.* Schneider.)

nal estate, in this my will, given or intended for my said two daughters *Mary* and *Elizabeth,* shall during the natural lives of my said daughters remain and be vested in my wife *Elizabeth Schneider,* and my said sons *John* and *Michael Schneider,* and their heirs and assigns, in trust for the sole and separate use and behoof of them my said daughters respectively, so that the husbands of the said *Mary,* and of the said *Elizabeth* respectively, shall not have any right or interest whatsoever therein, neither shall the same be subject to or liable for the debt or debts of such husband or husbands, but the same dividend of real and personal estate, or the rents, interest, and income thereof shall, from time to time, be paid to and received by my said daughters, each of them for her own dividend into her own hands for her sole and separate use only, and her own receipts from time to time, taken for the same, whether sole or covert, and that in case of the death of my said daughters, or either of them, without child or children surviving such decedent, such part and residue of the dividend of the real and personal estate, as shall be and remain then undisposed of by such decedent, shall revert to and be equally divided between all my surviving children, and the lawful issue of them that shall be then deceased, their respective heirs and assigns, so nevertheless that such lawful issue take and receive such part and share only, as his, her, or their deceased parent might have taken if then living." After appointing his said wife and sons his executors, the will proceeds : " And I do will and direct, that the shares and dividends of my said daughters, shall at the discretion of my said executors and the survivor of them be placed and kept out at interest on good and sufficient security ; and the principal and interest paid to and applied for the use of my said daughters, from time to time, as my said executors and the survivors of them from time to time, shall think best : and that the principal of the dividends of my said daughters in the valuation of my real estate, if taken and accepted by my said sons respectively, at such valuation, shall not be demandable by my said daughters under five years, which I think is a sufficient time to enable my sons to raise and pay the money, but the interest shall accrue and be paid annually during that time."

*Michael* and *John,* to whom portions of the real estate were allotted, to be taken at a valuation, declined to accept the same. *Michael* died in August, 1822, unmarried, intestate and without issue, leaving the plaintiffs *Elizabeth* and *Mary,* and the defendant, his heirs, and next of kin.

*Hubbell,* for the plaintiff, contended, that the plaintiffs were entitled to partition. The limitation in trust for the separate use of the daughters for life, and then over did not take effect ; that provision in the will being intended to operate only in case the sons took at the valuation. Even if the trust did arise, the daughters were

(Miller and another *v.* Schneider.)

equitable tenants for life, with full power of appointment. And in Pennsylvania the owner of an equitable estatè, may maintain partition. *Brown* v. *Willing,* 7 *Serg. & Rawle,* 467. He also cited *Sudg. on Powers,* 97. 2 *Dall.* 257.

*Troubat,* contra, admitted that the plaintiffs could recover their shares of *Michael's* fourth part. But as to the daughters' shares under the will, should partition be allowed of them, it might be in the power of the husbands to take the money which the court could not prevent, and thus the express object of the proviso be defeated. The plaintiffs have only equitable estates for life, and no permanent partition can be made, if any of the parties are entitled only to particular estates.—He cited *Alnatt on Part.* 77.ˈ 6 *Vez.* 498. *Ram on Wills,* 31, 32, 53. 109.

The opinion of the court was delivered by

SERGEANT, J.—The question in this case is, whether in the events that have occurred, the limitations in trust for the separate use of the daughters for life, and then over, take effect. If they do not, the plaintiffs are entitled, under the will, to one fourth each of the real estate, as tenants in common. It is admitted by the defendant, that the one fourth which belonged to *Michael,* passed, on his dying intestate and without issue, to the plaintiffs and defendant, as his heirs at law, and that the plaintiffs are entitled to one third each of that one fourth :ˈbut he contends that as to the daughters shares under the will, they remain vested in ˈhim subject to the trusts therein contained, and that partition ought not to be made.

The first impression produced by the perusal of this will is, that the estates devised to the daughters, whether converted into personalty, or remaining real estate, are subjected to the limitations in trust : but on an attentive examination of it, we are satisfied, that such a construction is irreconcileable with its general design, and with justice to all the testator's children : and that the provision applies only in case of the sons taking at the valuation.

It is to be observed, that the estate both real and personal, is, in the first instance, given after the termination of the wife's interest, to the four children, and to their heirs, executors, administrators, and assigns, equally to be divided, between them, as tenants in common, subject to the subsequent limitations.ˈ The inheritance is thus vested ˈin the daughters by apt words, and ought not to be taken from them, unless clearly so intended by the testator. The will goes on to direct, that in the division of the estate, the real property should be valued and allotted to the sons, and that the shares and dividends of his real and personal estate, in his will given or intended for his daughters, should remain and be vested in his wife and sons, whom he appoints executors, in trust for the separate use of the daughters

(Miller and another *v.* Schneider.)

for life, with limitations over.   This seems to form one entire provision, and to contemplate the raising of the trust only in case of a division by the sons taking the lands at the valuation, on which the daughters' rights in the land would be divested, and they would become entitled to money.   The testator may possibly, have deemed it prudent to provide a trust for money, which was not necessary in case of land; and there is certainly a difference between them, the money, if left to the daughters, might be claimed at once by the husband, as his own.   The land would remain the wife's estate, unless she voluntarily consented to part with it by a deed acknowleged separate and apart from her husband, under the formalities provided by law, in relation to the transfer of the estates of *feme coverts.*   It is true that from the influence of the husband, this is not always a protection: but it is one which in many instances enables the wife to frustrate the sale, or make terms with a purchaser.

But what chiefly weighs with me in giving this construction to the will, is, that the daughters would enjoy rights and benefits if the sons took at the valuation, which it is impossible for them to receive in any other way.   For by the will the executors are, from time to time, to apply and pay over to the use of the daughters, both *principal* and *interest* of the shares and dividends: and by a subsequent clause, the *principal* of the dividends of the daughters in the valuation of the real estate, if taken by the sons, is not to be demandable by the daughters under five years; which plainly implies that the daughters should be paid the principal sum within a certain time. It is, moreover, observable, that the limitation over in the event of the daughters dying without child or children surviving, is only of the *residue* of the dividend which should then remain *undisposed of by them;* a clause which seems to invest the daughters with the privilege of disposing of the fund to supply their necessities.   But how can the daughters enjoy or dispose of any portion of the principal if their shares are to continue land impressed with the trusts? Such a construction, moreover, makes it the interest of the sons to refuse to take the lands at a valuation, and thus to defeat the will of the testator; because by so doing, they or their children may chance to acquire the daughters' shares undiminished, in case of their decease without child or children.   For I see no mode of compelling the sons to sell the daughters' shares in the land, and convert them into money; nor even a power in the will to make a clear title in 'fee simple for them, if the sons were so inclined, without taking at the valuation.   The consequence is, that the sons, by their act or incapacity, might defeat one great object of the will, namely, the right of the daughters to enjoy the principal as well as the interest of their portions, and might restrict them to a pittance of rents during their lives, for the benefit of the descendants of the sons.   This, it is very apparent, was never designed by the testator.   On the contrary, his intention was, that the sons should take the lands, and pay to the

(Miller and another *v.* Schneider.)

daughters their portions in money, within a certain period, to enjoy and dispose of to their separate use, as their occasions might require, with a limitation over of ·what might remain undisposed of. If the sons lose any benefit they might expect under the trust, it is because the dispositions of the testator have not been carried into effect.

As to the word rents, used in the will in relation to the trust, that may be satisfied by referring it to such rents as the sons might receive, or be liable for between the period of the widow's marriage or death, and their taking the land at a valuation. The other phrases in the will, such as, shares, dividends, apply as well, if not better to money than land.

On the whole, my opinion is, that the case has not arisen under which the trusts in this will, as to the daughters' portions, could go into operation, and therefore, the real estate remained equally vested in the four children, as devised by the prior clause of the will. Under the will, the plaintiffs are tenants in common of one fourth each: by the decease of *Michael*, they inherit one third each of his fourth. The plaintiffs *Elizabeth* and *Mary* and the defendant *John*, are now entitled, as tenants in common in fee simple, to one third each of the whole real estate devised by the will. It follows, that partition may be made, and, therefore, according to the case stated, judgment is to be entered to that effect.

Judgment *quod partitio fiat.*