FERGUSON & HALL ET AL. *vs.* THEIR CREDITORS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

FERGUSON
& HALL ET AL.
*vs.*
THEIR
CREDITORS.

The syndic cannot claim the reversal of a judgment which reduces claims on his tableau, and when he and none of the creditors whom he represents are aggrieved.

So where a creditor's claim is reduced from a privileged, to an ordinary one, and he does not appeal, the syndic representing the *mass* of creditors, who are benefited, cannot appeal or have the judgment altered.

A privileged claim of the vendor, will not be allowed on goods, mingled with an old stock, and when none of them are identified.

The facts of this case are principally stated in the opinion of the court, and the agreement of counsel, embodied in it.

The controversy arose on oppositions made to the tableau of distribution filed by the syndic.

The judgment of the District Court made several alterations, by reducing some claims in amount and others in rank, from a privileged to ordinary ones, which enured to the benefit of the mass of creditors.

The syndic presented his petition of appeal, alleging that in the judgment rendered on the opposition to the tableau filed by him, there was error so far as certain oppositions were maintained. An appeal was granted to the syndic, who alone is appellant.

*Benjamin,* for the appellant, and on the part of the syndic, stated the case, and raised various points in favor of creditors who had not appealed, and insisted that the judgment be reversed, and one given in accordance with the agreement of the parties, and according to the suggestions of the syndic.

*Lockett, Micou & Carter,* also appeared as counsel for certain creditors.

*Martin, J.* delivered the opinion of the court.

The syndic is appellant in this case from a judgment sustaining several oppositions, and making various amendments to his tableau.

The parties have agreed that the judgment be affirmed as to the oppositions of Norris and Sorbé, and the claim of R. H. White; and that it be reversed as to the claims of J. P. Benjamin; and S. T. Hobson & Co. as to the *amount* of the latter, which are to be maintained.

EASTERN · DIS.
*July,* 1841.

FERGUSON
& HALL ET AL.
*vs.*
THEIR
CREDITORS.

The decision of this court is solicited on the following points only :

1. Whether the claim of R. M. Carter, Esq. is to be maintained at $500, or reduced to $250, as adjudged by the court.

2. Whether the claim of P. Cenas, auctioneer be maintained at $340 as placed on the tableau, or reduced to $15, as adjudged by the court.

3. Whether S. T. Hobson & Co. are ordinary or privileged creditors.

4. Whether J. H. Martenstein is an ordinary or a privileged creditor.

I. & II. With regard to the claims of Carter and Cenas, the one attorney of the insolvents, and the other auctioneer ap-pointed to sell the surrendered property and effects, whose claims have been reduced, and who have not appealed, we are unable to see on what ground, the syndic seeks relief, as neither he or any of the insolvents' creditors whom he repre-sents, are aggrieved by the judgment of the inferior court.

*The syndic cannot claim the reversal of a judgment which reduces claims on his tableau, and when he and none of the creditors whom he represents are aggrieved.*

III. The same observations apply to the claim of Hobson & Co. who were reduced from privileged to chirographic cre-ditors, as were made on the two preceding claims of Carter and Cenas. They might have sought relief at our hands; and they only, (not the syndic) for the reduction, if illegal wrought no injury to any one but themselves. To the *mass of the creditors* whose interests the syndic represents, it was benefi-cial; as it diminished a number of competitors, amongst the privileged ones, and increased the fund from which the others were to be paid. The syndic therefore had no right to appeal, as thereby he could only place the creditors *in duriori casu,* and charge them with the costs of a litigation worse than useless.

*So where a creditor's claim is reduced from a privileged, to an ordinary one, and he does not ap-peal, the syndic representing the* mass *of cre-ditors, who are benefited, can-not appeal or have the judg-ment altered.*

EASTERN DIS. *July*, 1841.

FERGUSON & HALL ET AL. *vs.* THEIR CREDITORS.

IV. As to Martenstein, the tableau was amended by taking him from the list of ordinary creditors, and placing him as a privileged one for $2800 with interest, &c. The counsel for the syndic has referred to the statement in the brief of the attorney of the creditors who oppose this claim. He states that the goods on which Martenstein claims his privilege had been sometime previously sold to the first firm of the insolvents and mingled with the stock of goods on hand, and which had been transferred from the firm of Ferguson & Hall to that of Ferguson & Cotte. That a witness states a quantity of goods were pointed out to him by the insolvents as having been purchased from Martenstein, and that he supposed that if the whole stock surrendered was worth $30,000, that this "old stock, said to have been bought of Martenstein, must have been worth as much as $3,000." This circumstance, when it is considered that the business had been conducted by the insolvents for four years or more; who were constantly selling and buying goods; added to the fact that in the inventory by which the sale was made, not a single article is identified as belonging to Martenstein, and no witness produced to identify any part of the goods, there can be no foundation for a privileged claim.

*A privileged claim of the vendor, will not be allowed on goods, mingled with an old stock, and when none of them are identified.*

The judgment, as respects the *amount* of the claims of J. P. Benjamin, and of S. T. Hobson & Co., having reduced these claims, and being more favorable to the mass of creditors, cannot be the subject of complaint of the opposing creditors, because they have obtained what they asked for, and they claim no further deduction; nor of the syndic because it is his duty to support the judgment.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed; except so far as it concerns the claim of J. H. Martenstein, and that it be reversed as to him: and ours is that he be re-instated on the tableau as a chirographic creditor, for the amount of his claim.