<div style="text-align:right">SCHADEL<br>v.<br>ST. MARTIN.</div>

---

## SUCCESSION OF A. L. PETTIS.

An administrator has no capacity to appeal in behalf of parties whom he has placed on his account as creditors, and whose claims have been opposed and rejected by the court.

To consider the acknowledgment by an administrator of a claim against the estate as conclusive of its correctness, notwithstanding an opposition specially made to that item of the account, and without further proof, would be virtually to abrogate Articles 1004, 1005 and 1006 of the Code of Practice.

<div style="text-align:right">

11 177|
51 128|

11 177|
52 284|

11 177|
125 209|

</div>

APPEAL from the District Court, Seventh District, Parish of East Feliciana, *Merrick*, J. *Kernan*, for plaintiff and appellant. *Muse & Hardee* and *Fuqua*, for defendant.

BUCHANAN, J. The administrator of this succession is appellant from a judgment rendered April 20th, 1855, upon an account of administration, which was filed January 13th, 1855. His grounds of complaint in this court are two :

1st. That he has been charged by the judgment with a sum of $2026 78, amount of *R. L. Bell's* bid at probate sale for the interest of the deceased in the partnership of *Pettis & Bell*, notwithstanding he offered proof on the trial of the oppositions to this account that he had not received that amount.

2d. That the judgment has rejected a number of items of debts due to sundry persons by the estate, notwithstanding they were acknowledged by the administrator and appellant to be valid claims against the succession.

The second of these grounds might be dismissed with the remark that the administrator has no capacity to appeal on behalf of parties whom he has placed on his account as creditors, and whose claims have been opposed and rejected by the court. It is no part of the administrator's business to swell the amount of indebtedness of the estate which he administers beyond the limits fixed by the court of the first instance. If convinced himself of the correctness of a claim, he has done his duty by placing it upon the account. In the subsequent contest between the claimant and creditors or heirs, the administrator is supposed to be disinterested, and cannot, therefore, be aggrieved by its decision. This point has been long ago settled in the case of *Ferguson & Hall* v. *Their Creditors*, 19 L. R., 278. Indeed the doctrine contended for by this appellant, that his acknowledgment of a claim against the estate was conclusive, notwithstanding an opposition specially made to that item of his accou t, and without further proof, would virtually abrogate Articles 1004, 1005 and 1006 of the Code

<div style="margin-left:2em">
SUCCESSION OF
PETTIS.
</div>

of Practice. The cases quoted by appellant from 2 N. S., 596; 3 Rob., 286, and 7 An., 152, only decide that vouchers for moneys paid by the administrator are *prima facie* proof in his favor.

As to the item of $2026 78 with which the administrator is charged, it appears from the record that he was made liable for this amount as so much money received by him for the account of the succession by a judgment upon a former account of administration, which judgment was signed on the 10th November, 1854, and from which judgment no appeal has been taken. This question is therefore *res judicata* against the administrator, and the court properly refused to go behind that judgment, and to receive evidence against it.

It is, therefore, adjudged and decreed, that the judgment of the District Court be affirmed, and that the appellant, *William Gurney*, pay the costs of this appeal.