No. 2060.—G. INGRAM v. T. DOHERTY, and T. DOHERTY v. G. INGRAM.
(*consolidated cases.*)

The appeal from a judgment of the District Court involving the right of office, returnable before the Supreme Court in New Orleans, will be dismissed on motion, if the requirements of Section 13 of the Act of 1866, page 154, have not been observed, in not making the appeal returnable in ten days after the judgment of the lower court.

APPEAL from the Sixth District Court, parish of St. Tammany. *Ellis*, J. *Thompson & Penn* and *A. & M. Voorhies* for plaintiff and appellant. *A. Hennen* and *Ellis & Walker* for defendant and appellee.

HOWELL, J. In this controversy the only question involved, by agreement of parties, is the right to the office of sheriff of the parish of St. Tammany.

A motion is made to dismiss the appeal because, by the fault of the appellant it was not made returnable, nor brought up " in ten days after the judgment of the lower court," as provided by the thirteenth section of the act of 1866, p. 154.

The judgment was rendered on the thirtieth November, 1868, and on the same day a written motion, signed by appellant's counsel, was presented and allowed, granting a suspensive appeal and returnable to this court, " on or before the fourth Monday of February, 1869," as set forth in said motion and the transcript was filed on Saturday, thirteenth February, 1869—the fourth Monday being the twenty-second day of said month.

The appellant cites the case of Trimble *v.* Britchta, 10 A. 778, as an authority to relieve him of the imputation of error in the order of appeal. It is there said: " as there is nothing in the record to show that the appellant *suggested* any particular return day, we must consider the order of appeal as the act of the judge, and that it was not one of the errors which, under the statute, might be imputable to the appellant." Here a day was suggested by the appellant, and then under the phraseology of the order as asked by him (being in the alternative), it may have been possible for him to have brought up the appeal within the ten days prescribed in such cases. Be this as it may, the return day having been fixed as demanded by the appellant, we must conclude that the error is imputable to him.

Appeal dismissed with costs.

Rehearing refused.