5056.

CITIZENS' BANK OF LOUISIANA *v.* H. RUTY.   F. J. GALLAGHER, actual possessor.   FRANCES J. JONES, wife, *v.* HENRY RUTY, husband.   B. MARIONNEAUX, third opponent.   Consolidated.

In this instance the application for an appeal was made in writing, and the time for the return thereof by the judge, was the day asked for by the appellants. If they erred, the error was their own, and they must bear the consequence thereof.

APPEAL from the Fifth Judicial District Court, parish of Iberville. *Cole, J.   Samuel Matthews* and *Benjamin Deblieux*, for Frances J. Jones, plaintiff and appellant.   *Barrow & Pope*, for Marionneaux, third opponent.   *A. Pitot, G. S. Rousseau*, for Citizens' Bank.

MORGAN, J.   The third opponent moves to dismiss this appeal as to Charles Lozano and Mrs. Frances Jones, on the ground that the appeal is made returnable to the May term of this court, and that the fault lies at their door.   We have searched the record in vain to find any petition of appeal, or motion for appeal, or order of appeal in their favor.   Consequently we can not notice them.

As to Mrs. E. M. Jones, executrix, she moved for a suspensive appeal upon her furnishing bond as required by law.   The judgment is for $528 50, with five per cent. interest from first January, 1872, to the twenty-sixth January, 1874, the date of the judgment.   The interest amounted to $81 40, and should have been added to the principal.   2 La. 86 ; 9 An. 310.   The appeal bond, therefore, should have been for $914 85.   It is for $792 25, and is therefore insufficient for a suspensive appeal.   If not a suspensive appeal it is not any appeal, as the amount of the bond is not fixed by the judge.

It is therefore ordered, adjudged and decreed that the appeal be dismissed.

ON REHEARING.

MORGAN, J.   As to Frances J. Jones, wife of Henry Ruty, and Charles Lozano, sheriff, the appeal must be dismissed.   The petition of appeal was filed on the thirty-first January, 1874.   They prayed that the appeal be returnable on the next return day for trial of appeals from the parish of Iberville.   The next return day was the ninth February, 1874.

"The appellee must be cited to appear before the court of appeal at

its next term, if there be sufficient time for doing so after allowing the same delay which is granted to defendants in ordinary suits; and if there be no sufficient time to admit of the appellee having this delay, owing to the distance from his domicile to the place where the court of appeal is held, he shall be cited to appear before the same at the subsequent term." C. P. 583.

"The delay to be expressed in the citation consists of ten days, to be counted from the time the citation has been served, which are allowed to the defendant to comply with the demand of the petition, if the defendant reside in the place where the court is held, or within ten miles from such place. If the defendant reside at a greater distance the aforesaid delay shall be increased by one day for every ten miles that his residence is distant from the place of holding the court before which he is cited to appear. In counting the ten days neither the day when the citation has been served, nor the day when the delay expires, are included." C. P. 180.

The return day, fixed by law, for appeals from the parish of Iberville was the ninth February, 1874. The petition, as we have seen, was filed on the thirty-first January. The transcript was filed on the tenth February. The delays in which the appellee had to answer had not expired, even if he had been entitled to none other by reason of the distance from the place where the court, which rendered the decision, was held, to the place where the Supreme Court is held. The fault lies with the appellants, as they prayed that their appeal be made "returnable to the Supreme Court of Louisiana at the next regular return day for appeals from the Fifth Judicial District of Louisiana." This brings them within the exception provided for by the nineteenth section of the act of 1839, which provides that "no appeal to the Supreme Court shall be dismissed on account of any defect, error, or irregularity in the petition, or order of appeal, or in the certificate of the clerk or judge, or in the citation of appeal or service thereof, or because the appeal was not made returnable at the next term of the Supreme Court, whenever it shall not appear that such defect, error, or irregularity is imputed to the appellant."

In this case the application for an appeal was made in writing and the time fixed for the return thereof by the judge was the day asked for by the appellants. If they erred, the error is their own. See the case of Trimble v. Brichta, 10 An. 778.

Under these circumstances their case is governed by the cases in 8 La. 220; 12 La. 480, 483.

It is therefore ordered, adjudged and decreed that the appeal of Mrs. Frances J. Jones, wife of Henry Ruty, and Charles Lozano, sheriff, be dismissed at their costs.