No. 1090.

J. U. & H. M. PAYNE & CO. vs. HELOÏSE DEJEAN.

An Administrator cannot appeal in his official capacity from a judgment rendered in favor of the Succession which he administers, and against him, on his Account of administration. He should appeal, in such a case, in his individual name.

APPEAL from the Thirteenth Judicial District Court, parish of St. Landry. *Hudspeth*, J.

---

Henry L. Garland for Plaintiffs and Appellees :

First—An administrator cannot ask for and prosecute an appeal from a judgment sustaining opposition to a claim recognized by him by being placed on tableau and opposed. It is the exclusive right of the person whose claim is rejected to appeal. Even if he were not a party to the judicial contest resulting in sustaining the opposition

to his claim, he can appeal by making allegation of being aggrieved. Therefore, when the administrator, in his official·capacity, has moved or petitioned for an appeal, no inquiry can be made in relation to the correctness of the judgment sustaining opposition to claims which he had placed on the tableau. 4 N. S. 622; 1 Rob. 276.

Second—When an administrator has placed on tableau a claim against the estate, which he pretends is due to himself, and which is opposed, he must, to prosecute an appeal from a judgment sustaining such opposition to his claim, give a bond signed by him personally, because, if the judgment rejecting his pretensions is affirmed, the estate is not liable for, and should not pay, the costs of the appeal. 1 Rob. 276; 5 An. 140.

B. A. Martel for Defendant and Appellant.

ON MOTION TO DISMISS.

The opinion of the Court was delivered by.

BERMUDEZ, C. J. The plaintiffs and appellees move to dismiss the devolutive appeal taken by the defendant, in her *official* capacity, from a judgment amending an account of administration presented by her, by which she was charged with *more* than she accounted for, and was denied the entirety of a personal claim which she had set up against the estate.

The first part of the judgment increasing the assets *directly*, was in favor of the succession, and one of which she, as administratrix, had no right to complain.

The second point of the judgment likewise increased the assets of the succession individually by reducing her claim. It went against her individually, and was not, therefore, against the succession.

By thus increasing the amount of funds on hand the estate was benefited, and not injured.

It is only where a judgment is rendered by which a succession can be aggrieved, that a succession representative can, in his official capacity, appeal from the same. The only reason which justifies the granting of an appeal is, that the party appellant considers that the judgment aggrieves him. How could the administratrix complain that the judgment in question, which *benefits* the succession, *aggrieves* it? An administrator cannot be permitted to use his official capacity for his individual advantage where he is *personally* the only one aggrieved.

In such a case he does not represent the mass, and should appeal in his individual name. This was not done in the present instance. The

appeal, even devolutive, is inoperative, and should be dismissed. 5 R. 140; 1 R. 275; 1 A. 21; 12 A. 774; 11 A. 177; 26 A. 385.

It is therefore ordered that the appeal in this case be dismissed with costs.

Mr. Justice FENNER recuses himself on the ground of affinity.