### No. 12,828.

### SUCCESSION OF MRS. BRIDGET HARTIGAN.

### SYLLABUS.

It is the duty of executors and administrators to act for the protection of the heirs and legatees of a succession, and the mass of creditors, not in that of *special* creditors. When an administrator or executor has placed certain parties upon his account as unpaid creditors, and the claims on *opposition* made, have been either reduced or rejected, the executor or administrator is not, as such, authorized to appeal on their behalf and champion their rights. The parties aggrieved must appeal themselves. If the administrator or executor has placed himself on the account as a creditor, and his claim is reduced or rejected, he must appeal as an individual, not as executor to obtain relief. (Ferguson & Hall vs. Their Creditors, 19th La. Ann. 278 ; Girod vs. Creditors, 2nd Ann. 548 ; Beer vs. Creditors, 12th Ann. 774 ; Payne & Co. vs. Dejean, 32nd Ann. 889 ; Chapoton vs. Creditors, 46th Ann. 414 ; Andrus vs. Creditors, 46th Ann. 1351.)

#### ON REHEARING.

The executor has no interest or right to appeal from the judgment which rejects items on the account filed by him alleged to be due creditors, and rejects also amounts placed on the account claimed to be due the executor. The appeal allowed by law is by the aggrieved creditor and by the executor personally.

O N APPEAL from the Civil District Court for the Parish of Orleans. *Rightor, J.*

---

*Horace E. Upton* for William H. Bourke, Testamentary Executor, Appellant.

*Edwin T. Merrick* for John Hannan, Residuary and Universal Legatee, Opponent, Appellee.

Submitted on briefs November 22, 1898.
Opinion handed down December 5, 1898.
Rehearing refused January 23, 1899.

On the application for Rehearing the opinion of the court was delivered by MILLER, J.

The opinion of the court was delivered by

NICHOLLS, C. J. This is an appeal by William H. Bourke, in his capacity as testamentary executor of the succession of Bridget Hartigan, from a judgment sustaining partially the opposition of John Hannan, residuary universal legatee of the deceased, to a provisional account filed by the executor as such.

The judgment appealed from reduced or rejected a number of unpaid claims placed on the account by the executor as debts justly due by the succession to different parties, among which were several claims set out as being due to the executor himself, personally, by Mrs. Bridget Hartigan. The judgment also set aside, as having to be considered "not written," a clause in the will of Mrs. Hartigan, directing that the amount which would accrue to the residuary legatee from the succession should be paid over to him, one hundred dollars in cash, and the balance in monthly instalments of one hundred dollars, instead of being paid over in entirety immediately upon the settlement of the succession. No motion has been made to dismiss the appeal.

The residuary legatee moved, in the Supreme Court, that the judgment be amended "by allowing him to be placed in possession of all the remaining property of the succession, all debts having been paid."

The amount of the succession is such as would vest appellate jurisdiction in this court and authorize us to take action were the parties legally interested in a reversal of the judgment before us seeking to obtain relief, but the only appellant in the case is William H. Bourke

appealing not personally, but officially in his capacity as testamentary executor.

As such he does not represent the parties who may have been aggrieved by the judgment, by reduction or rejection of their claims.

These parties, including William H. Bourke, personally and individually, should have themselves appealed, inasmuch as the testamentary executor does not officially represent them on appeal.

It is the duty of executors and administrators to act for the protection of the interest of the heirs in the succession, and that of the mass of creditors, and not in the interest of special creditors.

In the succession of Pettis, 11 An. 177, this court said: "The administrator has no capacity to appeal on behalf of parties whom he has placed on his account as creditors, and whose claims have been opposed and rejected by the court. It is no part of the administrator's business to swell the amount of indebtedness of the estate which he administers beyond the limits fixed by the court of the first instance. If convinced himself of the correctness of a claim, he has done his duty by placing it upon the account. In the subsequent contest between the claimant and creditors, or heirs, the administrator is supposed to be disinterested, and cannot, therefore, be aggrieved by its decision. This point has been long ago settled in Furguson & Hall vs. Their Creditors, 19 La. 278."

This principle has been since affirmed and acted upon in Girod vs. Creditors, 2 An. 548; Beer vs. His Creditors, 12 An. 774; Payne & Co. vs. DeJean, 32 An. 889; Chapoton vs. Creditors, 46 An. 414; Andrus vs. Creditors, 46 An. 1351.

The position of an executor appealing from a decree upon an opposition to his account, filed by a creditor, increasing the amount beyond that which the executor had recognized as the amount due him, or ordering him to place claims on the account which he has declined to recognize at all, by which action the mass of creditors or heirs are affected injuriously, is very different from what it is where the claims as acknowlededged by him have been reduced or rejected. The reason for this difference is, we think, too clear to need elaboration.

The executor abandoned, in this court, opposition to the portion of the judgment appealed from, which set aside as having to be considered "not written" the clause of the will attacked by the residuary legatee.

By reason of this abandonment of the only issue which the executor,

as such, was justified in presenting, there is now before the court no issue advanced by one with legal capacity to urge it which we are called upon to review.

Nothing was decreed in the lower court in opposition to the provisions of the will other than the issue abandoned by the executor.

We do not think the amendment asked for by appellee should be granted, it being relief advanced for the first time in the Supreme Court.

The judgment of the District Court is hereby affirmed.

---

ON APPLICATION FOR REHEARING.

MILLER, J. The appeal is by the executor of the deceased from the judgment of the lower court rejecting, as charges against the succession, items on his account claimed to be due to himself and to sundry creditors. The dismissal of the appeal was placed on the ground that the executor has no appealable interest; that the appeal allowed was by the creditors who might deem themselves aggrieved by the disallowance of the amounts awarded them, and by the executor personally, in respect to the alleged error of the judgment rejecting his demands personally. It is insisted on the rehearing that we erred in dismissing the appeal.

This court, from an early period, has affirmed that appeals from judgments disallowing items on the account filed by representatives of successions, or by syndics, alleged to be due creditors, must be by the creditors. So when the appeal is from the judgment disallowing the personal claim, the administrator conceives he has against the succession. Ferguson & Hall vs. Their Creditors, 19 La. 278; Kohn vs. Wagner, 1 Rob. 275; Beer vs. Their Creditors, 12 An. 774; Payne vs. Dejean, 32 An. 889; Succession of Heffner, 49 An. 413. It is contended that the principle of those decisions does not apply to executors. Why the executor should be deemed to have an appealable interest when the administrator of a succession has none from the judgment rejecting the claims of alleged creditors, and why either the executor or administrator representing the succession should have the right to appeal in their official capacity from the judgment in favor of the succession disallowing the alleged claim of one or the other as

creditors, is not of ready appreciation. We have been referred to the decision in 33 An. p. 1319, Succession of Ames, and to the case of Suc·cession of Allen, 48 An. 1040, as sustaining the contention of the appellant. It is true that in the 33d Annual the court distinguishes the functions of the executor derived from the will from those of the administrator derived from the law, and because of that difference the court, in its reasoning, uses expressions to the effect that the appeal by an executor brings up for review the decision rejecting the items he placed on his account. In the case of Allen, 48 An. 1040, the reasoning in the Ames case is introduced in the opinion. But in the Ames case there was an appeal by the heirs, and in the Allen case it was the appeal of the heirs the executor moved to dismiss. We cannot perceive that either of the cases cited is calculated to disturb the principle we conceive settled in our jurisprudence; that representatives of successions have no appealable interest in judgments in favor of the successions against creditors. This court recognized and reaffirmed our jurisprudence on the subject in Succession of Heffner, 49 An. 407. We feel constrained to refuse the rehearing.