On Motion to Dismiss Appeal.
MONROE, J.
Plaintiff and the defendant Naff were candidates, at a primary election held in the parish of Morehouse, on January 23d of this year, for the Democratic nomination to the clerkship of the district court, and on January 27th, when the Democratic parish executive committee convened to promulgate the result of the election, plaintiff filed a protest, which having been duly considered, the committee declared that the defendant had received the nomination. Thereafter, on February 15th, plaintiff instituted this suit against defendant and the committee, praying; that the action of the committee be reviewed and reversed and that the court declare him the nominee. After hearing, there was judgment, on March 16th, in favor of defendant, and on the same day plaintiff obtained an order for an appeal, as follows:
“Judgment rendered and signed in open court. The counsel for plaintiff, being present in open court, asks for a suspensive appeal to the honorable Supreme Court of Louisiana, made returnable instanter. The counsel for the defendant being present in open court and taking cognizance of the same, the court ruled that such an appeal is hereby granted, as provided for and contemplated in section 25 of Act 49 of 1906, * * * upon plaintiffs giving bond in the sum of $100, * * * said appeal, as per request of attorneys of plaintiff, being made returnable instanter. The said ruling having been made over the objection of the defendant’s counsel, who retained a bill of exception.”
Defendant moves to dismiss the appeal on the grounds: (1) That there is no law authorizing, and that the court is without jurisdiction to entertain, such appeal; (2) that the appeal, if allowable, was improperly made returnable instanter; (3) that the plaintiff applied for, and there was granted him, only “such appeal * * * as provided for and contemplated in section 25 of Act 49 of 1906, * * * ” and that, as all the provisions of that section relative to appeals were omitted in the amendment and re-en *593 actment <3f the section,' as contained in Act 100 of 1908, the order of appeal was not predicated upon any law, but, at the request of plaintiff’s counsel, was granted upon, and limited to, provisions of law which are no longer in force.
[1] I. Section 25 of Act 49 of 1906 provided for a contest of a primary election, such as that here in question; further provided that the aggrieved contestant should have the right to have the decision of the committee reviewed by a court of competent jurisdiction; and, still further, that there should be a right of appeal from the judgment of such court. But, the application to the court of the first instance was required to be made within 24 hours after the decision of the committee; the person against whom the contest was directed (that is, the Xierson declared to be nominee) was required to be ruled into court within 48 hours; the court was required to decide the case within three days thereafter; and the appeal was required to be heard and finally decided within five days from the rendition of the judgment appealed from. By Act 100 of 1908, section 25 of Act 49 of 1906 was amended and re-enacted, and, as thus amended and re-enacted, contains no provision whatever upon the subject of an appeal from the decision of the court of first instance, contains no provision as to the time within which the application for review shall be made to that court, and no provision as to the time within which the person declared the nominee shall answer or the case be decided. It does, however, provide that the decision of the committee may be reviewed by a court of competent jurisdiction, and, as the Constitution provides that the appellate jurisdiction of this court “shall extend to all cases where the matter in dispute, or the fund to be distributed, whatever may be the amount therein claimed, shall exceed $2,000, exclusive «f interest,” it follows that such jurisdiction extends to the ease here presented, provided the record discloses that the matter in dispute exceeds the amount above stated; and that disclosure is made, in this case, by the allegations of the petition that the emoluments of the office of clerk will amount to more than $3,000 per annum and that “said office and the nomination thereto is worth far in excess of $2,000.”
[2] II. There being no special provision upon the subject, the return of the appeal is governed by the general rule, prescribed by Act 106 of 1908, to the effect that appeals in civil cases shall be made returnable in “not less than 15 nor . more than 60 days from the date of the order.” The law does not, however, prescribe the penalty of dismissal, where appeals are made returnable within a shorter period than that thus provided; the most that could be said in such case being that the appellee would not be obliged to appear, or otherwise act in the matter, within such shorter period.
[3] III. The facts that the appellant made his application, and that the court made the order for the appeal, under a misaxsprehension of the law governing the matter, cannot operate to deprive the appellant of a right conferred on him by the Constitution and regulated by other statutes than that contemplated by him and the court.
The motion to dismiss the appeal is therefore overruled.