143 So. 277

## Succession OF ROQUE.

### No. 31878.

June 20, 1932.

Rehearing Denied July 20, 1932.

Harvey E. Ellis and Frank B. Ellis, both of Covington, for appellant Strain.

Adrian D. Schwartz, of Covington, for appellants Roque, Strain, and Harvey E. and Frank B. Ellis.

Benj. M. Miller, J. Monroe Simmons, and Lewis L. Morgan, all of Covington, for appellees Dieudonne, and others.

OVERTON, J.

The final account in this succession was filed by Alice Anna Strain, the executrix of the last will and testament of the deceased. She carried on the account various claims, among them being a debt alleged to be due by the community to Marion Roque, surviving husband of the testatrix, in the sum of $16,-400; a debt claimed by herself for nursing and caring for the testatrix, who was her mother, in the sum of $1,245, and attorneys' fees in favor of Harvey E. Ellis and Frank B. Ellis, the attorneys for the executrix, in the sum of $2,350.

Six children of the testatrix, issue of a prior marriage with Raymond Lezina, deceased, filed an opposition to the claims enumerated, and generally to all claims carried on the account, and also asserting a demand for the revendication of certain property, claimed by the heirs, and a demand to be paid the entire residue of the estate, after the payment of the debts, as the sole heirs of the deceased.

There was judgment below sustaining the opposition to the claims of Marion Roque and Alice Anna Strain, and further judgment, in favor of the opponents, reducing the fee of the attorneys for the executrix to $1,500. In all other respects the account of the executrix was homologated, thereby impliedly dismissing the remaining claims and contentions of opponents.

The executrix, in her capacity as such, appealed suspensively from the judgment rendered. The appeal was made returnable on May 16, 1932. More than ten days after the appeal by the executrix was taken, namely, on May 14, 1932, which was a Saturday, Marion Roque, Alice Anna Strain, in her individual capacity, and Harvey E. and Frank B. Ellis, the attorneys for the executrix, petitioned the trial judge for a devolutive appeal from the judgment, and asked that they be permitted to join in the appeal of the executrix, returnable two days later. The district judge, on the same day, granted the order with permission to the applicants to join in the appeal of the executrix. On the day the order was granted, namely, May 14, 1932, the required bond was given, citation of appeal was issued and served, directing the appellees to appear before this court on May 16,

1932. The transcript was lodged, for both appeals, in this court, on May 17, 1932, within the three days of grace.

The opponents to the account, who are appellees, have moved to dismiss the appeal taken by the executrix, on the ground that she, as executrix, is not aggrieved by the judgment rendered, and is without right to champion the cause of those whose claims have been rejected. They have also moved to dismiss the appeal taken by Marion Roque, Alice Anna Strain and Harvey E. and Frank B. Ellis, on the following grounds, to wit:

"1. That the order granting said appeal, which order and the petition for such appeal was prepared by the attorney for said appellant and was signed by the district judge at the request of said attorney, does not fix a day upon which such appeal is returnable.

"2. That the citation of appeal herein was issued, dated and served on the attorney for appellees on the 14th day of May, 1932, and is returnable on the 16th day of May, 1932, allowing only one clear day before the return day, such day being Sunday.

"3. That the district judge was without right, power or authority to order that said appellants be permitted to join in the suspensive appeal taken herein by Alice Anna Strain, Executrix, on the 21st day of April, 1932, and returnable on the 16th day of May, 1932.

"4. And for other good and sufficient reasons apparent upon the face of the record and proceedings."

The prayer of the petition for appeal, so far as pertinent, is as follows:

"Wherefore, petitioners pray for an order for a devolutive appeal, returnable to the Honorable the Supreme Court of the State of Louisiana, upon giving bond in an amount to be fixed by this court; that they be permitted to join in the appeal filed by Alice Anna Strain, Executrix, returnable to the Honorable the Supreme Court of Louisiana on the 16th day of May, 1932. * * *"

The order, so far as pertinent, granted upon this petition, is as follows:

"Considering the foregoing petition and affidavit annexed, let the petitioners herein be granted a devolutive appeal returnable to the Honorable the Supreme Court of the State of Louisiana, upon each of said petitioners furnishing bond with good and solvent surety in the sum of one hundred and fifty dollars and conditioned as the law directs, and in order to avoid expense, and any delay in the settlement of this estate, and a multiplicity of appeals, it is ordered that petitioners be permitted to join in the appeal taken herein by Alice Anna Strain, Executrix, to the Supreme Court of the State of Louisiana on the 16th day of May, 1932, and let copies of this petition and a citation of appeal be served on each of the following named parties. * * *"

■ Considering first the motion to dismiss the appeal of the executrix, which rests upon the lack of interest of the executrix to appeal, it may be observed that, in the Succession of Pettis, 11 La. Ann. 177, which, although it concerned the right of an administrator to appeal, is applicable here, it was ruled:

"The administrator has no capacity to appeal on behalf of parties whom he has placed on his account as creditors, and whose claims have been opposed and rejected by the court. It is no part of the administrator's business to swell the amount of indebtedness of the estate which he administers beyond the limits fixed by the court of the first instance. If convinced himself of the correctness of a claim, he has done his duty by placing it upon the account. In the subsequent contest between the claimant and creditors or heirs, the administrator is supposed to be disinterested, and cannot, therefore, be aggrieved by its decision. This point has been long ago settled in the case of Ferguson v. Creditors, 19 La. 278."

This ruling has been repeatedly affirmed as to appeals taken by either executors or administrators. Payne v. Dejean, 32 La. Ann. 889; Succession of Hartigan, 51 La. Ann. 126, 24 So. 794; Succession of Trouilly, 52 La. Ann. 276, 284, 26 So. 851; Succession of Henderson, 113 La. 101, 36 So. 904; Succession of King, 124 La. 805, 818, 50 So. 735.

The judgment rendered, though not in accord with the account of the executrix in all respects, was in every respect favorable to the succession. Even the claim in revendication by opponents and their claim to be recognized as the sole heirs of the deceased were not allowed, and, as stated, the only changes made in the account by the judgment were to reject two claims appearing therein, and to reduce another claim—changes favorable to the succession. The appeal of the executrix, in her official capacity, therefore should be dismissed.

■ As to the motion to dismiss the appeal of Marion Roqué, Alice Anna Strain, in her individual capacity, and Harvey E. and

Frank B. Ellis, it seems very clear to us that appellees are in error when they urge that this appeal should be dismissed, because the order granting it fails to fix a return day. It is true that the order does not, in so many words, in the usual way, fix the day and month for the return, but it does so as clearly and unmistakably as if it did, by reference to the appeal of the executrix. The clause in the order, directing that "petitioners be permitted to join in the appeal taken herein by Alice Anna Strain, Executrix, (returnable) to the Supreme Court of the State of Louisiana on the 16th day of May, 1932," by clear and unmistakable implication fixed the return day for the same date as that fixed by the appeal of the executrix, otherwise the permit to join in the appeal would be meaningless. From that moment, May 16, 1932, became the return day of the appeal of Marion Roque and his coappellants as much so as it was the return day of the appeal of the executrix. It matters not that the appeal of the executrix be dismissed, that date nevertheless remains the date upon which the present appeal was returnable, and remains as a part of the order, into which it was impliedly inserted, granting those appeals.

The present appeal is in no manner subordinate to the appeal of the executrix, or dependent upon its maintenance, but rests upon its own basis. The only effect of the dismissal of the appeal of the executrix is to destroy the joinder of appeals, but not the return day implied by, or, at least, by reference carried into, the order granting the present appeal.

■ The only criticism, from a legal standpoint, which, in our view, may be made of the order, granting the present appeal, is that it fixes an earlier return day than that provided by statute. The statute, Act No. 106 of 1908, provides that "the Judge shall fix the return day in the order granting the appeal which shall not be less than fifteen nor more than sixty days from the date of the order, except by consent of parties." The appeal was made returnable, as we have said, on May 16, 1932, by an order of appeal, granted on May 14, 1932, the intervening day being a Sunday. The minimum return day, provided by the statute, is one largely in the interest of the appellant, and whatever interest the appellee may have may be safeguarded lawfully by the court, without dismissing the appeal. Therefore, in protecting the right of appeal, the court will not dismiss an appeal, because it is made returnable before the minimum return day, provided by law, or because the transcript is prematurely lodged in this court, but the appellee will not be called upon to appear or act until the arrival of the minimum return day, provided by the statute. Thus, in Ross v. Naff, 130 La. 590, 58 So. 348, 349, which was an election contest case, it was said:

"There being no special provision upon the subject, the return of the appeal is governed by the general rule, prescribed by Act 106 of 1908, to the effect that appeals in civil cases shall be made returnable in 'not less than 15 nor more than 60 days from the date of the order.' The law does not, however, prescribe the penalty of dismissal, where appeals are made returnable within a shorter period than that thus provided; the most that could be said in such case being that the appellee would not be obliged to appear, or otherwise act in the matter, within such shorter period."

And, in Wilder v. Jackson, 150 La. 864, 91 So. 245, 246, which was a suit for damages, it was said:

"The petition prays that an order for a devolutive appeal be granted, and that the amount of the bond and return day be fixed. The clerk, on July 3d fixed the bond at $250 and made the appeal returnable on the second Monday (which fell on the 12th) of July. It should have been made returnable in 'not less than 15 nor more than 60 days' from the date of the order (Act 106 of 1908); but it has been held that an appellant cannot be prejudiced by the error of the judge (and the same ruling applies to the clerk, acting in place of the judge), in fixing the return day of an appeal (Pearce v. State ex rel. Breazeale, District Atty., 49 La. Ann. 643, 21 So. 737; Lazarus v. Friedrichs, 125 La. 619, 51 So. 663; State v. Augustus, 129 La. 617, 56 So. 551), and it has further been held that an appeal will not be dismissed because lodged in this court before the return day fixed by law, though the appellee need not answer or otherwise act until then (Ross v. Naff, 130 La. 594, 58 So. 348)."

■■ There is still another reason why the appeal should not be dismissed because of the irregularity in fixing the return day. It is a rule, established by statute, that an appeal will not be dismissed because it was not made returnable on a proper day, whenever it shall not appear that the error or irregularity may be imputed to the appellant or to his attorney. Section 11 of Act 45 (Extra Sess.) of 1870, Code of Practice, art. 898. It is urged, however, that this rule is not applicable here to save the appeal, for the reason that the order, fixing the return day, is directly in accord with the prayer of the petition for appeal—a circumstance which, it is urged, shows that the order of appeal was not only suggested by the movers for the appeal in their petition, but that the order of appeal was prepared by the movers themselves, and therefore shows unmistakably that the irregularity is imputable to the movers or their attorneys. We knew that the movers, through their attorneys, prepared the petition for appeal, and we entertain no doubt that they prepared the order of appeal, as is usually the case, and that it was signed by the judge as prepared. But, does this show that the irregularity, in contemplation of law, is imputable to movers or their attorneys? At one time, in the history of the jurisprudence of this state, authorities could be found supporting either view; as, for instance, Ingram v. Doherty, 21 La. Ann. 174; Citizens' Bank v. Ruty, 26 La. Ann. 747; Elder v. City of New Orleans, 31 La. Ann. 500; State v. Dellwood, 33 La. Ann. 1229. However, the question was considered anew in the case of Pearce v. State ex rel. Breazeale, Dist. Atty., 49 La. Ann. 643, 21 So. 737, 738. In that case, the return day was in conformity with the prayer of the appellant's petition for an appeal, praying that the return day be fixed for the second Tuesday of January, when the proper return day was the second Monday of January. In that case, under the foregoing facts, which are similar to those here presented, it was said:

"There is a diversity of views expressed in the different decisions upon the subject. There were dissents, which necessarily lessen the certainty of decisions as authority. Under the circumstances, we feel at liberty to consider the question as res nova. The judge,

in signing the order, was exercising one of the judicial functions with which he is intrusted. It is the judge who fixes the date. It was his act, and not the act of the counsel, by whom the motion was made or the petition for an appeal presented. We cannot take it for granted that he was misled by counsel, and that he intended to issue another order, and fix another date, different from the date fixed. Whatever antagonism there may be between the law and the act is the act of the judge. The error committed is his error until it conclusively appears that it was caused by the appellant. The order of appeal is one removed from the appellant. The order was that of the judge, uninfluenced, in so far as we know, by the petition or the order which was presented to him for his signature. * * *"

This ruling has been approved in a number of cases, and should not now be disturbed, but should be adhered to as the established law of the state. It was approved in Jackson v. Mixon, 110 La. 581, 34 So. 695, and in Orleans & J. Railway Co. v. International Construction Co., 113 La. 409, 37 So. 10. Besides. it has been cited approvingly in other cases.

In the case of Jackson v. Mixon, supra, the facts were that counsel for appellants prepared a petition and order of appeal by which the appeal was made returnable on the wrong day. The order making this error was signed by the judge as prepared by counsel. The court, however, refused to dismiss the appeal, saying:

"The facts are as stated, but it has been held that the fixing of the return day, under such circumstances, is the act of the judge, and that the appeal will not be dismissed. Pearce et al. v. State [ex rel. Breazeale], 49

La. Ann. 643, 21 So. 737; Chaffe & Sons v. Heyner, 31 La. Ann. 594."

In Orleans & J. Railway Co. v. International Construction Co., supra, the prayer of the petition was that the appeal be made returnable according to law. The order of court. granting the appeal, was not in accordance with the prayer of the petition, but fixed the return day for too early a date. The court, in passing upon the question, said:

"But it is said that the fault rests upon the appellant, because its counsel wrote out the order, and the judge did no more than append his signature to it. The order was not the less the act of the judge because counsel wrote it out. A judgment is not the less the act of the court because counsel have written it out. So entirely and exclusively the act of the judge has this court held the order of appeal to be, that it has absolved the appellant from responsibility, even in a case where the erroneous return day was adopted from the prayer of the petition. Pearce v. State [ex rel. Breazeale], 49 La. Ann. 643, 21 So. 737. It is not necessary to go that far in the present case in order to hold the second ground not to be well taken."

While, in the foregoing case, the facts made it unnecessary, as virtually observed by the court in its closing words, to consider what the effect would be, had the erroneous date appeared also in the prayer of the petition for the appeal. However, as the order containing the erroneous date was prepared by counsel, how the omission from, or the insertion of the date in, the prayer also, could have had any effect upon the result of the issue, is difficult to see. It would have been but doing the same thing twice, instead of once, in the same proceeding.

The second ground for the dismissal of the appeal has been disposed of by what we have said. That ground rests on the shortness of the delay for the return of the appeal. The shortness of that delay, however, does not affect appellees, as we have said, since they were not called upon to appear or act, under the law, until the arrival of the minimum return day, provided by statute. Ross v. Naff, 130 La. 590, 58 So. 348; Wilder v. Jackson, 150 La. 864, 91 So. 245, both cited supra. The third ground for dismissal, which rests upon the want of authority in the trial judge to permit the joinder of the present appeal with that of the executrix, should not be sustained. That permit had the effect of fixing the return day of the present appeal—an act which the trial judge was called upon to do. It also had the effect, if permission were necessary, which may be doubted, to give the judge's sanction to the incorporation of both appeals in one transcript, which was done, to be filed under one number. Certainly the present appellees were not prejudiced by this joinder. The fourth ground for dismissal has been disposed of as too vague to require notice.

The law of this state has always looked with favor upon the right of appeal, or, at least, it has done so for more than sixty years, and especially has it done so during the past few years. In fact, the law is so framed as to guard against, to a large extent, the dismissal of appeals. Section 11 of Act 45 (Extra Sess.) of 1870, relating to the freeing of the appellant from certain errors; Act No. 112 of 1916, relating to correction of errors in appeal bonds; Act No. 19 of 1912, relating to transfer of appeals, where taken to the wrong court.

Our conclusion is that, while the appeal of the executrix must be dismissed, no legal reason appears to dismiss the appeal of Marion Roque, Alice Anna Strain, and Harvey E. and Frank B. Ellis.

For these reasons, the appeal of the executrix is dismissed, but the motion to dismiss the appeal of the remaining appellants is overruled.

O'NIELL, C. J., and BRUNOT, J., concur in the dismissal of the executrix' appeal; otherwise dissent.