186 So. 597

**Succession of VATTER.**

No. 35079.

Feb. 6, 1939.

Johnston Armstrong, of New Orleans, for appellee Protestant Home for Babies.

Terriberry, Young, Rault & Carroll and Harold J. Zeringer, all of New Orleans, for appellants Rudolph F. Schneider and Henry H. Vatter.

ODOM, Justice.

Henry H. Vatter and Rudolph F. Schneider were named testamentary executors of the last will of Mrs. Ottillia Henrietta Vatter, widow of William H. Dielmann. After making numerous special bequests, the will of Mrs. Dielmann named the Protestant Home for Babies residuary legatee. The executors filed their final account, which was opposed by counsel for the residuary legatee in so far as some of the items of indebtedness against the succession were concerned. Among the

items opposed was one for $5,000 in favor of Henry H. Vatter for special services rendered by him to the deceased prior to her death. Other items opposed were legacies of $5,000 to each of the following persons: Louis V. Rand, Ethel O. Garic, Clara Mae Ridgeway, Perry Eastman, and Barbara Wingate Vatter. The trial judge overruled the opposition to all the items opposed except those above named. From his judgment sustaining the opposition to the above named items, the executors, Henry H. Vatter and Rudolph F. Schneider, in their capacities as executors, appealed to this court.

The attorney for the residuary legatee has moved to dismiss the appeal on the ground that the executors in their capacities as such have no appealable interest.

█ The motion to dismiss must be sustained in so far as the item of $5,000 allowed on the account to Henry H. Vatter is concerned. This amount was allowed by the executors to Henry H. Vatter personally and not to him as executor. The executors are credited with the amount due them under the law as executors. Henry H. Vatter, in whose favor the $5,000 was allowed, did not appeal individually. He and his coexecutor prosecute this appeal in their official capacities.

Clearly the executors have no interest in appealing from the judgment disallowing this item, because that judgment was in favor of the succession which they represent. This court has on numerous occasions been called upon to decide issues identical with the one here presented and has disposed of them adversely to the

contention of the appellants here. The most recent of the cases is Succession of Roque, 175 La. 323, 143 So. 277.

In Succession of Trouilly, 52 La.Ann. 276, 26 So. 851, it was held that "An executrix has no capacity to appeal on account of creditors, whose claims have been opposed and rejected, and, if such creditors fail to appeal, the judgment will not be disturbed for their benefit by this court, at the instance of the executrix" (Paragraph 9, Syllabus). See, also, Succession of Hartigan, 51 La.Ann. 126, 24 So. 794; Succession of Henderson, 113 La. 101, 36 So. 904; Succession of King, 124 La. 805, 50 So. 735, which are directly in point.

Counsel for appellants cite and rely upon the case of Succession of Ames, 33 La. Ann. 1317, which case they say is opposed to Succession of Roque, supra. There are expressions in the Ames Case, which indicate very strongly that the court intended to hold that an executor in his capacity as such represents not only the legatees under the will but all creditors of the succession as well, and that he may appeal from a judgment sustaining oppositions to his final account. But in Succession of Hartigan, supra, this court, on rehearing, referred to the Ames Case, and refused to follow it in so far as it was held in that case that an executor in his capacity as such had the right to appeal from a judgment sustaining an opposition to his account which had allowed the claims of certain creditors.

█ We are of the opinion, however, that the motion to dismiss the appeal in so far as it relates to the ruling of the

court reducing the legacies in favor of Louis V. Rand, Ethel O. Garic, Clara Mae Ridgeway, Perry Eastman, and Barbara Wingate Vatter from $5,000 to $1,000 each should be overruled. These parties are nieces and nephews of the testatrix. Her will contains the following clause: "All my other Nieces & Nephews 5,000—this does not include great nieces & nephews".

The executors interpret this clause to mean that each of the above named parties is to receive $5,000. The trial judge interpreted it to mean that the total sum bequeathed to these five nieces and nephews was $5,000, and ordered that each be paid the sum of $1,000.

■■ It is clear, we think, that an executor may appeal from a judgment interpreting the will. It is the duty of an executor to carry out the provisions of the will as he understands them, the will being the law which governs his official actions. If the interpretation placed upon the provisions of the will by the trial court is contrary to the view entertained by the executor and his counsel, the executor may appeal from such ruling in order to have the controversy settled by a court of last resort. Succession of McKenna, 23 La. Ann. 369; Succession of Reems, 134 La. 1033, 64 So. 898; Succession of Graf, 125 La. 197, 51 So. 115.

In Succession of Allen, 48 La.Ann. 1036, 20 So. 193, 55 Am.St.Rep. 295, the court said that [page 195] "The executor, therefore, has the right to appeal from a judgment interpreting the will which he thinks is contrary to the intentions of the testator".

Article 572 of the Code of Practice reads as follows:

"Tutors, curators, and other persons charged with the administration of another's estate, may appeal for the benefit of the persons whose property they administer, if they deem an appeal necessary."

■ Counsel for appellants oppose the motion to dismiss the appeal on the ground that it was filed more than three days after the appeal was lodged in this court, and cite Article 886 of the Code of Practice in support of their suggestion. This article of the Code has no application to this case, because the motion to dismiss the appeal is based on the ground that the appellants have no right of appeal. In the case of In re Gem Co., Inc., 162 La. 416, 110 So. 635, the motion to dismiss was filed more than three days after the transcript was lodged in this court, and it was held that that fact was immaterial because the cause for dismissal was that appellants had no right of appeal. See also Cockerham v. Bosley, 52 La.Ann. 65, 26 So. 814, and Mutual Life Insurance Co. v. Houchins, 52 La.Ann. 1137, 27 So. 657.

For the reasons assigned, the motion to dismiss the appeal is sustained and the appeal is dismissed in so far as the judgment relates to the claim of Henry H. Vatter for $5,000 for personal services rendered to the testatrix, who was his sister, prior to her death; and it is overruled in so far as it relates to the reduction of the legacies in favor of Louis V. Rand, Ethel O. Garic, Clara Mae Ridgeway, Perry Eastman, and Barbara Wingate Vatter from $5,000 to $1,000 each.