BOUTALL, Judge.
Appellees, residual legatees under the will of Mrs. Margaret R. Moustier, have *1044 filed a motion to dismiss an appeal taken by John D. Lambert, executor of the succession, on the ground that the executor has no appealable interest as executor and that his appeal is contrary to the provisions of Code of Civil Procedure, Article 2084, which provides as follows:
“Legal representative may appeal
“A legal representative may appeal any appealable judgment rendered against him or affecting the property which he is administering, for the benefit of the person whose property he administers or whom he represents, whenever he considers an appeal necessary or advisable.”
The facts are that decedent left a will naming John D. Lambert executor of the estate and naming John D. Lambert, Jr. as attorney for the estate and executor. The executor filed a final accounting in which he proposed the payment of $40,000 as the fee of the attorney for handling the succession matters. Opposition to the account was filed by four residuary legatees, all charitable organizations, seeking a reduction in the amount of the attorney’s fees. The trial court reduced the amount of attorney’s fees to $15,000, and the executor has appealed.
It is the contention of appellees that Article 2084 only gives the executor the right to appeal judgments for the benefit of the person whose properties he administers or whom he represents, in that in taking this appeal, the executor is proceeding contrary to the benefit of the estate inasmuch as the appealed judgment was one of reduction of the claimed fees. In view of the line of jurisprudence supporting their proposition, we agree that the executor has no standing to take this appeal. We refer specifically to the cases of Succession of Roque, 175 La. 323, 143 So. 277 (1932); Succession of Henderson, 113 La. 101, 36 So. 904 (1904) and Succession of Trouilly, 52 La.Ann. 276, 26 So. 851 (1899). In each of these cases the Supreme Court of Louisiana has denied the right of an executor to appeal from similar judgments. We also note the decisions in the case of Succession of Hartigan, 51 La.Ann. 126, 24 So. 794 (1898) wherein the executor was denied the right to appeal on behalf of creditors appearing in his accounts and for his own individual claims, a proposition confirmed in the Succession of Vatter, 191 La. 875, 186 So. 597 (1939).
It is contended by the executor that these cases are no longer valid law since the adoption of the Code of Civil Procedure, which has granted to the executor much broader authority. Specific reference is made to C.C.P. Article 685 and 734 which recognized the succession representative as the proper party plaintiff and defendant in actions relating to the deceased’s rights or obligations and to C.C.P. Articles 3249 and 3196 which grant succession representatives authority to exercise all procedural rights available to a litigant. We readily concede that there have been vast changes in the authority of the succession representative in relation to suits involving the succession, but we note no particular change in the appellate authority granted in C.C.P. 2084. The Official Revision Comments notes that while this article broadened the language of Article 572 of the Code of Practice of 1870, it actually made no change in the procedural law of Louisiana since it was merely declaratory of the judicial interpretation of that article. The general authority granted in the Code of Civil Procedure as to the right of the succession representative to bring or defend suits involving succession matters generally, must be considered as limited in appeals by the specific provisions of Article 2084.
Accordingly, we conclude that the executor in his official capacity does not have the authority under Article 2084 to bring this appeal, and his appeal is dismissed.
The motion to Dismiss the Appeal is maintained and the appeal is dismissed.