(36 South. 89.)

No. 14,933.

STEPHENS v. DUCKETT et al.

(Feb. 15, 1904.)

WILLS—DISINHERISON—REHEARING—REVIEW.

1. A recital that the heir married without the consent of the testator, and is therefore disinherited, sufficiently expresses the cause of the disinherison. The minority of the heir need not be mentioned.

On Application for Rehearing.

2. Points not made on the original hearing will not, as a rule, be considered on an application for a rehearing. 1 Hennen's Digest, pp. 107, 108.

3. A demand not embraced in the pleadings in the court a qua cannot be urged on appeal. Airey v. Okolona Sav. Inst., 33 La. Ann. 1346.

4. Minority is implied when the cause of disinherison set forth in the testament is applicable only to minors.

(Syllabus by the Court.)

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Albert Campbell Allen, Judge.

Action by Alice T. Stephens against Gordon Duckett and others. Judgment for defendants, and plaintiff appeals. Reversed.

Philip H. Mentz and Charles Frank Borah, for appellant. Foster, Milling, Godchaux & Sanders, for appellees executors and others. Walter Richards Gates, curator ad hoc of appellee Frances Regina Stephens.

PROVOSTY, J. Plaintiff contests the will of Mrs. Fannie C. Harding, deceased, but she is without interest, and without standing to do so, unless the following clause is insufficient in law to express the intention of the testatrix to disinherit her, to wit:

"To my adopted daughter, Alice Talbot Bemiss, who so deeply grieved and offended me by her elopement and marriage with Mr. J. D. Stephens against my consent, I bequeath my house and buildings and land in the village of Baldwin. My personal effects in the house I do will that she receive no more of my estate than I have herein bequeathed her."

Plaintiff says that under article 1624, Civ. Code, "the testator must express in his will for what reasons he disinherits his forced heir," and that, therefore, when the cause is that the heir has married against the consent of the testator, while a minor, the cause of the disinherison is not expressed in the will, unless along with the fact of the marriage against consent there is expressly mentioned the fact of the minority.

We see no force in this contention. Disinherison is allowed because of some reprehensible conduct of the heir, and his minority is no part of his conduct. If the conduct complained of is recited, the cause is expressed, and the law is satisfied. The object the law has in view is that the cause of the disinherison be not left doubtful. There could be no other purpose. This purpose is fully accomplished when the statement is made, as in the instant case, that the heir has married against the consent of the testator. The minority is a fact to be proved dehors the will.

The curator ad hoc would have this court amend the judgment so as to tax his fee as costs against the succession, but the judgment cannot be amended between appellees.

The judgment appealed from is set aside, and the suit dismissed, at the cost of plaintiff in both courts.

On Application for Rehearing.

March 14, 1904.

LAND, J. The gravamen of plaintiff's complaint is that the court erred in holding that the testament set forth a just or good cause for her disinherison.

The testament states that the adopted daughter of the testatrix eloped and married against her consent. This was just cause for disinherison if the daughter was a minor at the time.

Plaintiff's contention, however, is that the will expresses no just cause of disinherison, because it does not state that the daughter was a minor when she married.

We held that this was not sacramental, as the misconduct was not the minority, but the marriage against the consent of the mother.

It is argued that the testament sets forth no misconduct at all, because it contains no

statement that the daughter was a minor. There is, in the testament, no express statement as to age, but the necessary implication from the terms used by the testatrix and the disinherison itself is that the adopted daughter violated a duty which she owed to the adopted mother by eloping and marrying against her consent. This duty is imposed only on minors. Civ. Code, art. 97.

It is true that the law requires the testator to express in the will the reasons for disinherison, but a testament is not an indictment, in which every essential element of the charge must be alleged with legal certainty. The Code provides that the testator shall state the "reasons," and the other heirs must prove "the facts on which the disinherison is founded." Civ. Code, art. 1624. It appears on the face of the will that the testatrix intended to partially disinherit her adopted daughter for the cause set forth in paragraph 10 of article 1621 of the Civil Code, which applies only to minors. The testament expresses just cause of disinherison if the adopted daughter was a minor at the time of her marriage. This was a question of fact to be proved by the other heirs, and the omission of the testatrix to expressly mention this fact was not a fatal defect. We cannot presume that she was a major.

We note the contention that the prayer of the appellees in their answer to the appeal is not specific enough to authorize the amendment or reversal of the judgment in so far as it decreed that plaintiff was not disinherited by the testament.

This objection was not discussed in plaintiff's original brief, in which the question of disinherison was fully and ably argued and submitted to the court for its decision. This court has uniformly refused to consider on rehearing points not made on the original hearing. 1 Hennen's Digest, pp. 107, 108.

The point made in the instant case was not urged, and the objection now made is inconsistent with the action of plaintiff in arguing and submitting the question of disinherison as the vital issue before the court.

It is also urged by the curator ad hoc for the minor daughter of plaintiff, one of the defendants, that the court did not pass on his prayer for the amendment of the judgment. It is true that this matter was not mentioned in our opinion, but it is equally true that the demand contained in the prayer for amendment was not embraced in the pleadings filed in the court below, and therefore cannot be urged on appeal. Airey v. Okolona Sav. Inst., 33 La. Ann. 1346. We may add that the demand of said minor to be recognized as forced heir can be properly considered only in a direct action against the representatives of the succession, who in this case are the codefendants of the minor.

It is therefore ordered, adjudged, and decreed that the applications for rehearing filed in this cause be, and the same are hereby, overruled.