(64 South. 898.)

No. 20,031.

Succession of REEMS.

(Oct. 20, 1913. On Merits, March 16, 1914. Rehearing Denied April 13, 1914.)

*(Syllabus by Editorial Staff.)*

1. EXECUTORS AND ADMINISTRATORS (§ 314*)—DISTRIBUTION OF ESTATE—RIGHT OF APPEAL.

An executor may appeal from a judgment which disturbs the proper distribution of the estate.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1274–1297; Dec. Dig. § 314.*]

2. APPEAL AND ERROR (§ 14*)—SECOND APPEAL—DISMISSAL—DISTRIBUTION OF ESTATE.

Where, after an appeal by the executrices, the heirs under the will appeal from a judgment in favor of disinherited children who have filed an opposition to the account of the executrices, and the first appeal is maintainable, that of the heirs will be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 48–57; Dec. Dig. § 14.*]

*(Syllabus by the Court.)*

On the Merits.

3. DESCENT AND DISTRIBUTION (§ 48*)—DISINHERITANCE OF CHILD—INTENTION.

In order for a parent to disinherit a child, the parent must state the ground of disinherison in the will, and then the proponents of the will must prove that the cause of the disinherison really existed at the time that the will was made.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. § 131; Dec. Dig. § 48.*]

4. APPEAL AND ERROR (§ 1010*)—DESCENT AND DISTRIBUTION (§ 48*)—DECISION—DISINHERITANCE OF CHILDREN—SUCCESSIONS.

The law does not favor the disinherison of children except for good cause amply proved, and, where the evidence relating to the existence of the cause for disinherison is not conclusive, and the trial judge, who has heard all the evidence, has reached the conclusion that the grounds of disinherison have not been proved, this court will not interfere with the judgment of the trial court, unless it can be shown that the judge of the lower court utterly failed to appreciate the value of the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3979–3982, 4024; Dec. Dig. § 1010;* Descent and Distribution, Cent. Dig. § 131; Dec. Dig. § 48.*]

5. WILLS (§ 55*)—TESTAMENTARY CAPACITY—SUFFICIENCY OF EVIDENCE.

The evidence as to the sanity of the testatrix at the time of the confection of the will satisfies the court that she had testamentary capacity at the time of its confection, and that all the formalities required by law for the making of a nuncupative will by public act were complied with by the notary.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 137–158, 161; Dec. Dig. § 55.*]

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Succession of Mrs. Eugene S. Reems. Disinherited children of testatrix filed an opposition to the account of executrices, and, from judgment in their favor, the executrices and the heirs appeal. Motion to dismiss appeal by executrices overruled, and motion to dismiss appeal by heirs sustained. Judgment affirmed.

Martin H. Manion, of New Orleans, for appellants. Dinkelspiel, Hart & Davey, of New Orleans, for appellee Wm. G. Reems. R. B. Logan, of New Orleans, for appellee August L. Reems.

PROVOSTY, J. Two of the children of the decedent having been disinherited in her will, the executrices ignored them in the account presented by them to the court distributing the estate among the heirs, and these disinherited heirs filed an opposition to the account, contesting the validity of the disinherison. Judgment went in their favor, and the executrices appealed.

Motion is made to dismiss the appeal, on the ground that the executrices are without interest, and therefore without right, to appeal.

[1] The settled jurisprudence is that an executor may appeal from a judgment which disturbs the proper distribution of the estate in his charge.

Succession of Ames, 33 La. Ann. 1317; Succession of Allen, 48 La. Ann. 1036, 20 South. 193, 55 Am. St. Rep. 295; Succession of Nicholson, 5 La. Ann. 359.

In the cases cited by the appellees, to wit, Payne v. Dejean, 32 La. Ann. 889, Succession of Mausberg, 37 La. Ann. 126, and Heirs of Byland, 38 La. Ann. 756, the administrator of a succession was seeking to appeal in the name of the succession, and at its expense, from a judgment rendered in its favor against him.

[2] After the motion to dismiss had been filed, the heirs under the will took an appeal of their own. This they did in order that they might not find themselves without an appeal in case the motion to dismiss the appeal taken by the executrices in their interest should be maintained. Motion is made to dismiss this second appeal, on the ground that the trial court was divested of all jurisdiction over the case by the first appeal. This ground must be sustained, and the second appeal dismissed. By their appeal through the executrices, who are merely their representatives, the heirs removed the case from the trial court to this court, thereby divesting the trial court of all control over the case, so far, at any rate, as granting them an appeal from the judgment rendered in it is concerned.

The motion to dismiss the appeal taken by the executrices is therefore overruled, and the motion to dismiss the appeal taken by the heirs is sustained, and the latter appeal is dismissed at the cost of the appellants.

## On the Merits.

BREAUX, C. J. Mrs. Louisa Fritz, widow Reems, departed this life on the 19th of March, 1910.

The purpose of opponents in this suit is to attack the legality of her will and particularly the clause which reads as follows:

"I disinherit my sons, William George Reems and August Louis Reems for the reason that they have ill treated and abused me in a cruel manner and for the further reason that they have cruelly treated me by defaming me in public to my family; that they have deprived me of the comforts of my home by taking therefrom all the furniture and furnishings."

The proponents and those who seek to maintain the will of the late Mrs. Eugene S. Reems are Mrs. Carrie N. Haas and Mrs. Francis Larmann, executrices, daughters of Mrs. Reems, Julia Reems, wife of John E. Reems, and the children of John E. Reems.

The opponents who attack the will of the decedent are the two sons of Mrs. Eugene S. Reems, to wit, August Louis Reems and William George Reems, whom the mother sought to disinherit by her will, as appears above in excerpt from the will.

The opponents set forth in their petition of intervention attacking the will that, although it was propounded for probate as a non-cupative will by public act, it was under private signature, and did not, for that reason, make proof of itself.

The opponents attack the will on the ground that it was not dictated by the testatrix, and that it was not her voluntary act. The opponents further urged that the will was not signed as required. She was unlettered, and it is charged that she did not write her name, but that the notary declared that the will contained his declaration that she could not sign, but that it contained only the declaration of the notary to that effect; that the testatrix did not state the fact upon which she based her declaration disinheriting her two sons; and that the legatees did not prove the asserted facts.

The following are the legal causes for disinheriting children:

That the child has raised his or her hand to strike the parent, or has actually struck the parent; the mere threat is not sufficient; if a child has been guilty toward a parent of cruelty, of a crime or grievous injury; if the child has attempted to take the life of either parent; if the child has accused the parent of a capital crime; if the child has refused sustenance to a parent; if a child

has refused to take care of a parent because become insane; refused to ransom him, though detained in captivity; if a child used any coercion or violence to hinder a parent from making a will; if a child has refused to become security for a parent who is in prison; if the son or daughter, being a minor, marries without the consent of his or her parents.

The foregoing are laid down in the Code as the causes for which parents may disinherit their children. Article 1621. The Code further provides in another article to wit, article 1624, that a testator must express in the will for what reasons he disinherits his forced heirs or any of them, and the heirs are obliged to prove the facts on which the disherison is found. But of this later.

The first point above is that the will did not make proof of itself as it was under private signature.

We are not of that view. It was either a noncupative will by public act or no will at all. Later we will give reasons for deciding that it is a noncupative will by public act.

[5] As to the plea of insanity, not specially noted: It was discussed in the district court and decided by the district judge.

The late Mrs. Reems suffered from dementia at times. Not long after the death of her husband, she appeared to be mentally unbalanced. Twice suit was brought against her for her interdiction. She was finally interdicted and committed to the Louisiana Retreat on the certificate of two competent physicians, one of them a specialist on insanity.

The testimony is that she wished to become an inmate of the Retreat, and requested to be sent there, a haven of rest possibly away from the repeated and unseemly quarrels of her children.

The testimony amply sustains that proposition that she was sane at the time that she signed her will.

Two physicians of prominence signed her will as witnesses, and another witness, a member of the legal profession. One of the physicians, Dr. Holt, who was examined as an expert, testified in most positive terms that she was not insane; stated that true she was aged, but that all do not age alike. She had arterio sclerosis; none the less, she had a clear and steady mind, and he added:

"Her mind was as steady as any good old lady's I ever saw. Nothing suggesting mental unbalance."

Reading the testimony of the different witnesses on the subject of the insanity charged renders it quite evident that there was no ground for the charge. To say the least, she must have made the will (if she was insane at times) in one of her most lucid moments, because, according to the testimony, it was not possible to be more sane in dictating a will than she was in dictating the different dispositions that she wished to have made of her property, and in stating in clear and positive words that she wished to disinherit her sons.

We pass to the next objection urged, to wit: That the testatrix had not dictated her will. The testimony shows that the testatrix dictated the disposing part of her will and the testimony further shows that she was self-possessed, and showed strength of mind. Nothing indicating the least insanity. She was positive and consistent throughout; not the least suggestion of incoherence or disease of the mind. After reading the testimony, one can be impressed only with the fact that all she did in matter of the confection of the will was her act. One of the witnesses to the will, who testified at the trial—the expert to whom we have before referred, Dr. Holt—was particularly impressed, and thought that it was remarkable that this unlettered woman showed such natural endow-

ment to a degree that others obtain only through the severity of long training and disciplining.

The next ground urged by opponents, the two sons before named, was that she did not sign the will, and she did not declare in the will that she was unable to sign, and did not give reasons why she could not sign.

[3, 4] The testator must express in the will for what reasons he wishes to disinherit his forced heirs, and the other heirs must prove the facts on which the disinherison is founded. Otherwise it is null. Article 1624 of the Civil Code.

All the facts bearing on this point considered, it is taken as a fact that the testatrix made ample and complete declaration that she could not sign.

She stated to the notary that she could not sign. In thus declaring to the notary, she must also have declared to the witnesses that she could not sign.

These two sons did not, in their petition of intervention and opposition, ask for the annulment of the will on the ground stated; that is, that she had not declared that she could not sign her name.

The theft of the furniture charged is not proven. A number of witnesses were examined to prove that August and William Reems had taken the furniture at the time that their mother, Mrs. Reems, was placed in the Retreat, where she remained about seven months.

On her return, after she was released, her furniture, she found, was all gone. She was evidently under the impression that it had been taken by the two sons.

There was another son, who died since, who, the evidence shows, took this furniture and stored it away. Part of it was distributed in certain places, and perhaps was in use by persons who chose to make use of it. The mother became indignant because her furniture had been taken. She charged all her sons indiscriminately with the asserted theft.

The evidence is pretty well divided upon the subject. The district court did not think that it was proven that the two opponents were guilty of the crime charged.

The heirs are very much given to quarreling among themselves. They sought to make a strong case one against the other, particularly the daughters against the sons, as shown by the records of the criminal court.

Bitter denunciation is not proof. It only clouds the issues. It is evidence of bad feeling among the children. Under the facts and circumstances, it is not evidence of the facts on which the disinherison is founded. When the air is made lurid with invectives and denunciation, it may excite attention, but will not result in conviction. We will leave the issues where they are, with the statement that they have not succeeded in proving a state of facts which would justify us in reversing the judgment. The inference arises that none of them were too kind to the old mother. But, mother-like, according to the evidence, she appeared at times anxious to be friendly with them all.

The law was not intended to cause the disinherison of heirs, save for good cause amply proven.

In this instance, we find neither.

It is therefore ordered, adjudged, and decreed that the judgment appealed from is affirmed.

PROVOSTY, J., absent on account of illness, takes no part.