On Motion to Dismiss Appeal.
Mrs. Lucy S. Bauman died testate on January 24, 1925. In the second clause of her will she undertook to disinherit her daughter, Mrs. M.E. George, née Bauman, for striking and cursing her. This suit is by another daughter of the testatrix to enforce this clause of the testament. The other children and heirs of the deceased were also made parties defendant. Plaintiff's demand was rejected, and she appealed. Defendants moved to dismiss the appeal on the ground that this court was without jurisdiction ratione materiæ. The matter in dispute involves the right of the defendant Mrs. M.E. George to share in the succession of her mother, the testatrix. Appellant has filed an affidavit in this court showing that the value of her said share and interest in the succession exceeds $2,000. This is sufficient to give this court jurisdiction. Const. art. 7, § 10, par. 3.
The motion to dismiss the appeal is therefore denied.
 On the Merits.
A child who has raised his or her hand to strike, or who has actually struck, a parent, may be disinherited by the parent, Civ. Code, art. 1621. But, in order to disinherit such child, the testator must set forth the cause of disinherison in the will, and the other heirs must prove the facts on which it is founded. Otherwise it is null. Civ. Code, art. 1624. *Page 632 
The testatrix was 87 years of age when she died. Her will, in nuncupative form by public act, was made 2 years prior to her death. Her statement in the will is that she had been abused and struck by her daughter 5 years prior thereto. At that time she was approximately 80 years of age. The judge a quo did not believe that the daughter sought to be disinherited was guilty of the reprehensible acts charged against her. Nor do we. As the result of a quarrel, in which she struck her daughter on the head and arm with a heavy stick she was carrying, and which was removed from her grasp by her grandson, the aged testatrix evidently became obsessed with the idea that she, and not her daughter, was the one abused and struck; hence the statement to that effect in her will.
For the reasons assigned, the judgment appealed from is affirmed.