(120 So. 869)

No. 28479.

WALET et al. v. DARBY et al.

Feb. 25, 1929.

Weeks & Weeks, of New Iberia, for appellants.

Burke & Smith, of New Iberia, for appellees.

ST. PAUL, J. The two plaintiffs herein are the grandchildren of John H. Walet, who died May 2, 1925. They are the children of John D. Walet, a predeceased son. Joseph Walet is of age and appears for himself; Louis Walet is a minor, and appears through his tutrix, Mrs. Lydia Gonsoulin Walet, widow of John D. Walet and mother of the two plaintiffs.

Their suit is brought against the executors and the six surviving children of John H. Walet, the deceased. They pray that the will of the deceased, by which they were ex-

cluded from any part of his estate, be declared null, and that they be recognized as forced heirs of their grandfather and given their proportionate share in his estate.

The only estate left by their grandfather was his interest in certain community property belonging to himself and his long predeceased wife, consisting of four pieces of real estate and some furniture, all valued at $7,200.

## I.

The case was submitted on the following agreement:

(1) That plaintiffs are the grandchildren of John H. Walet as recited, but that the other heirs, together with plaintiffs, are those correctly recited in the answer.

(2) That the will is considered as before the court, being correctly quoted in plaintiffs' petition.

(3) That the court is to determine whether the will should be properly construed as disinheriting the plaintiffs; and if not, what is its legal effect in so far as affects their interests.

(4) Though not put at issue by the pleadings of plaintiff, the court may determine the status of all heirs as named in the defendants' answer.

## II.

At the death of the wife of the deceased, some 25 years before his own death, there were nine children of the marriage, who were her sole heirs to wit (1) Cecile Walet Germany, (2) Lelia Walet Darby, (3) Alice Walet Bonin, (4) Junius L. Walet, (5) Perry H. Walet, (6) Pliny C. Walet, (7) Theresa Walet, (8) Louis Walet, and (9) John D. Walet.

The six first named all survived their father, and are the defendants herein. The seventh child, Theresa, died before her father, unmarried and intestate. Her share in her mother's estate was inherited one-fourth by her father and three-fourths equally between her brothers and sisters. The eighth child, Louis Walet, died intestate before his father leaving one child, who inherited all his share. This last died intestate before his grandfather, and the share already inherited from his father was inherited by his mother, Mrs. Mathilde Renoudet Walet, widow of Louis Walet, and daughter-in-law of John H. Walet. The ninth child, John D. Walet, died intestate before his father, leaving three children, to wit, Joseph Walet and Louis Walet, the plaintiffs herein, and Charles Walet, who inherited his share between them. Thereafter, and before the death of his grandfather, Charles Walet died intestate, and his share in his own father's share was inherited three-fourths by his two brothers, the plaintiffs herein, and one-fourth by his mother, Mrs. Lydia Gonsoulin Walet, widow of John D. Walet, and daughter-in-law of John H. Walet, the testator.

So that at the time of John H. Walet's death there were six children (the defendants herein), two grandchildren (the plaintiffs herein), surviving children of the same predeceased child, and two daughters-in-law, who had an interest in the community property.

The trial judge has calculated in detail and has established the interest of all of these in the community property at the time when John H. Walet died. It would serve no purpose to repeat these calculations here. Suffice it to say that they are not complained of, and have been carefully gone over by us and found to be absolutely correct. They are as follows:

(X) John H. Walet (the deceased)........... 37/72
(1) Cecile Walet Germany (daughter)....... 35/576
(2) Lelia Walet Darby (daughter)........... 35/576
(3) Alice Walet Bonin (daughter)........... 35/576
(4) Junius L. Walet (son)..................... 35/576
(5) Perry H. Walet (son)...................... 35/576
(6) Pliny C. Walet (son)...................... 35/576
(7) Mathilde Renoudet Walet (daughter-in-law) ...................................... 35/576
(8) Lydia Gonsoulin Walet (daughter-in-law) 35/6912
(9) Louis Walet (grandson)....................385/13824
(10) Joseph Walet (grandson)................385/13824

The above-mentioned interests ' are, of course, such as existed *before* the death of John H. Walet. His death did not and could not affect any interest but his own. Succession of Marion, 163 La. 734, 112 So. 667. The interest of all the others was already vested, and this controversy therefore concerns only the disposition of the testator's 37/72 interest in the property.

### III.

Of course the two daughters-in-law of the deceased, Mrs. Mathilde Renoudet Walet and Mrs. Lydia Gonsoulin Walet, although they already have a vested interest in the property of the community, having inherited it as above said, yet have and can have no interest in the estate of their father-in-law John H. Walet.

So that, had John H. Walet died intestate, his 37/72 (say $3,700) interest in the community property would have been divided between his six surviving children above named (the defendants) and his two surviving grandchildren (the plaintiffs), sons of the predeceased son, in the proportion of one-seventh to each of the aforesaid six children and one-fourteenth to each of the aforesaid grandchildren.

### IV.

By his will, John H. Walet, made the following disposition of his property: (1) He gave to his three surviving daughters, Lelia Walet Darby, Alice Walet Bonin, and Cecile Walet Germany, the dwelling house and grounds and all the furniture and fixtures therein; (2) he gave to his three daughters and to his three surviving sons, Junius L. Walet, Perry H. Walet, and Pliny C. Walet, a farm of 230 acres, and also 80 acres of woodland and 40 acres of swamp lands; and (3) he declared that, "Nothing is here given to my grandsons, Joseph Walet and Louis Walet, for the reason that they are well provided for from funds of their father's estate, and for the further reason that what I have accomplished for their father in work done and efforts contributed and so applied, I consider adequate benefits far in excess of what I give and bequeath unto those herein mentioned."

### IV.

We return now to the submission above set forth in paragraph I, to wit, "The court is to determine whether the will should properly be construed as disinheriting the plaintiffs; and if not, what is its legal effect in so far as affects their interest."

■ We agree with the district judge that the clause in the will, last quoted above, is not technically the "disinherison" spoken of in the Civil Code, arts. 1617, 1621, 1622. The complete disinherison there spoken of is a disinherison for offenses against the person and authority of a parent; and the meaning of the Code is that a parent cannot wholly disinherit a child except for certain offenses, there specified, nor through mere caprice or ill feeling, or because he thinks the child has sufficient of his own and does not need the inheritance. But to deprive a child, by will, of all part in the testator's succession, is *in effect* to disinherit him, no matter what the form used for that purpose; whether by declaring in words that the child shall take no part in the succession, or by leaving the whole of the succession to others. Suffice it to say that this cannot be done, at least to the extent of the "legitime" reserved by law to forced heirs. R. C. C. art. 1493 et seq.

■ But we know of nothing in the law which forbids a parent from declaring that, because a child has already received his full share of the estate during the life of the parent, he shall take no further part therein. On the contrary, the law itself provides, in effect, that such shall be the case. R. C. C. arts. 1227 to 1230, "Of Collations."

On the other hand, after mature consideration, our conclusion is that the mere declaration, in a parent's will, that a child has al-

ready received his full share in a parent's estate, will not suffice; that the truth of the declaration must be proved by those relying thereon. Otherwise the provisions of our Code, relative to the legitime reserved to children, could readily be set aside by any testator disposed to do so.

It may be true that ordinarily a person will not be presumed to have attempted an illegal act, but R. C. C. art. 1624, declares the testator must not only express his reason for disinheriting a child, but "the other heirs * * * are moreover obliged to prove the facts." We think the two cases are analogous.

## V.

■■ But the fact that a parent has by will sought to deprive a child of his share in the estate is no ground for annulling the will as a whole.

In Jordan v. Filmore et al., No. 27990 of our docket, ante, p. 725, 120 So. 275, we held that the only right of a forced heir, who had by the will been deprived of all share in the estate, was to claim from the other heirs his legitime. We said: "All that the testator has to do in the distribution of his estate among his heirs as he sees fit, to be sure that his will shall be carried out, is to avoid impinging upon the legitime which the law reserves to each of his forced heirs."

Accordingly, all that these plaintiffs are here entitled to is that they be recognized as entitled to their legitime in their grandfather's estate. The legitime is one-fourteenth (1/14) each, in two-thirds (2/3) of the thirty-seven seventy-seconds (37/72) belonging to their grandfather in the property bequeathed by him to his other six children. Otherwise the will should stand as written; for no one else is complaining of the will, the prayer of the defendants being, inter alia, "that the demand [of plaintiffs, for the nullity of the will] be rejected; and in the alternative, if

plaintiffs are held to be entitled to share in said property, then they pray that such right be confined to the legitime only and that the same in no wise affect the disposition of the said will as to the disposable portion of the property."

## VI.

Now, 37/72, when multiplied for convenience, by 126/126 is equal to 4662/9072; and 1/14 of 2/3 of 37/72 is 222/9072 for each of the two grandchildren (plaintiffs), or 444/9072 for both of them. This leaves a balance of 4218/9072 to be distributed among the six children (defendants) under the will; according to which this balance in the home and furniture is to be divided between the three daughters, being 1406/9072 for each; and the same balance in the farm and in the woodland and swamp land is to be divided between the three daughters and three sons, being 703/9072 for each of the six.

## Decree.

The judgment appealed from is therefore reversed and set aside; and it is now ordered that plaintiffs, Louis Walet and Joseph Walet, be recognized as forced heirs of the deceased John H. Walet, and each entitled to 1/14 of 2/3 of the 37/72 interest of John H. Walet in the properties described in his will; and that in all other respects their demand be rejected.

It is further ordered that the interest of the testator and of all other parties in said properties, at the time of the decease of said testator, be recognized as fixed in the judgment of lower court and as set forth in paragraph IV of the foregoing opinion.

It is further ordered that the parties, plaintiffs and defendants, grandchildren and children of the deceased testator, be recognized as entitled to the following additional portions in said properties to wit:

In the dwelling house and grounds in Loreauville, and the furniture therein, as follows:

(1) Louis Walet............................... 222/9072
(2) Joseph Walet.............................. 222/9072
(3) Cecile Walet Germany.....................1406/9072
(4) Lelia Walet Darby........................1406/9072
(5) Alice Walet Bonin........................1406/9072

Being the amount coming to each of them out of the interest of said testator therein (37/72), over and above the interest already belonging to them in their own right as abovesaid.

And in the farm, and woodland, and swamp land, as follows:

(1) Louis Walet...............................222/9072
(2) Joseph Walet..............................222/9072
(3) Cecile Walet Germany......................703/9072
(4) Lelia Walet Darby.........................703/9072
(5) Alice Walet Bonin.........................703/9072
(6) Junius L. Walet...........................703/9072
(7) Perry H. Walet............................703/9072
(8) Pliny C. Walet............................703/9072

Being the amount coming to each of them out of the interest of said testator therein (37/72), over and above the interest already belonging to them in their own right as abovesaid.

It is further ordered that the defendants pay all costs of both courts.