196 So. 924

**Succession of LISSA.**

**No. 35590.**

May 27, 1940.

E. R. Schowalter and Albert B. Koorie, both of New Orleans, for appellant Mrs. Adele Spiro Mathe.

A. D. Danziger, of New Orleans, for appellees Mrs. Ruby Spiro Pick and Edward S. Spiro and Louis Spiro. ·

FOURNET, Justice.

Mrs. Adele Spiro Mathe, availing herself of the provisions of Article 571 of the Code of Practice, has appealed from an ex parte judgment placing her father,

two brothers, and a sister in possession of her mother's estate under a will wherein there was a provision for her (appellant's) disinherison.

This case was before us formerly on a motion to dismiss the appeal (194 La. 328, 193 So. 663) and the facts are there given in detail. For the purpose of the issues before us now, however, the pertinent facts may be briefly stated as follows:

Mrs. Sarah Lissa died at her domicile in New Orleans on April 9, 1938, leaving surviving her four children, Mrs. Ruby Spiro Pick, Edward S. Spiro, Joseph Spiro, Jr., and the appellant, issue of her marriage to Louis Spiro, who also survived her. She left an olographic will executed on April 17, 1911, which contains the following provision: "I now desire and do hereby declare that I do by this testament disinherit my daughter Adele Spiro now wife of Harry Mathe, and do not desire that she should receive any part of my estate for the reason that she being a minor married without my consent or that of her father." Decedent's succession was opened on June 8, 1938 when appellant, by petition, prayed that a search be made for a will. On June 14, 1938, decedent's olographic will was duly probated upon the petition of appellant's father, Louis Spiro, who, on August 15, 1938, qualified as the testamentary executor. On May 11, 1939, appellant's father and her two brothers and sister entered into an agreement which, in effect, partitioned the succession property and collated certain amounts admitted to be due the succession; and on August 1, 1939, upon

their ex parte application, they were, by judgment of the court, placed in possession of the succession property as agreed upon in the said instrument.

Under the express provisions of the Revised Civil Code "*Forced heirs may be deprived of their legitime,* or legal portion, and of the seizin granted them by law, *by the effect of disinherison by the testator, for just cause, and in the manner hereafter prescribed,*" (Article 1617) "*otherwise it is null.*" (Article 1619.) (Italics ours.) Parents may disinherit their children when "the son or daughter, being a minor, marries without the consent of his or her parents." Article 1621. However, "The testator must express in the will for what reasons he disinherited his forced heirs or any of them, and the other heirs of the testator are moreover obliged to prove the facts on which the disinherison is founded; otherwise it is null." Article 1624. See, also, Bosworth v. Beiller, 2 La.Ann. 293; Succession of Burns, 52 La.Ann. 1377, 27 So. 883; Stephens v. Duckett, 111 La. 979, 36 So. 89; Succession of Reems, 134 La. 1033, 64 So. 898; Pennywell v. George, 164 La. 630, 114 So. 493; Walet v. Darby, 167 La. 1095, 120 So. 869; and Succession of Smith, 182 La. 389, 162 So. 21.

It is appellant's contention that under the provisions of the Revised Civil Code it was incumbent upon the appellees to prove appellant's disinherison and that, having elected to be placed in possession of the estate of the decedent by an ex parte proceeding without introducing the evidence necessary to sustain such disinherison, they have waived their rights to do so and the will is, consequently, null and the appellant entitled, as an heir of her mother, to the portion of the estate due her under the provisions of the code regulating descent and distribution, and that she is entitled to a judgment accordingly.

On the other hand the "Appellees contend that the record contains a duly probated will in legal form disinheriting Mrs. Mathe (appellant) for a legal cause, with four ex parte supporting affidavits," and that therefore under Article 1624 of the Revised Civil Code they are only required to "sustain the burden of proof if and when the disinherited heir makes an issue on these facts."

A review of the jurisprudence on this subject reveals that only a few of the cases in which parents have availed themselves of these provisions of the Revised Civil Code have been before this court. In none of them were the identical questions and issues raised here involved or passed upon.

In the case of Stephens v. Duckett, supra, there was a provision in the decedent's will for the disinherison of her adopted daughter because she married without the consent of the deceased. This court said [111 La. 979, 36 So. 90]: "The Code provides that the testator shall state the 'reasons,' and the other heirs must prove 'the facts on which the disinherison is founded.' Civ.Code, art. 1624. * * * *The testament expresses just cause of dis-*

*inherison if the adopted daughter was a minor at the time of her marriage. This was a question of fact to be proved by the other heirs * * *."* (Italics ours.)

Likewise, in Succession of Burns, supra, one of decedent's sons had been disinherited because he married while a minor and without the consent of his parents. In that case the court said: "By the textual provisions of the Code, the marriage of a minor without the consent of the father and mother is a 'just' or 'good' cause for disinherison. Rev.Civ.Code, arts. 112, 1621. But, *in order to make such disinherison effective,* the reason therefor must be expressed in the testament; 'and *the other heirs of the testator are,* moreover, *obliged to prove the facts on which the disinherison is founded, otherwise it will be null.'* Id. art. 1624. * * *" (Italics ours.)

This court also said in the more recent case of Pennywell v. George, supra, that " * * * in order to disinherit [a child for one of the causes enumerated in Article 1621], the testator must set forth the cause of disinherison in the will, and the other heirs must prove the facts on which it is founded. Otherwise it is null." (Brackets ours.)

And, in the case of Succession of Reems, supra [134 La. 1033, 64 So. 901], it was held that *"The law was not intended to cause the disinherison of heirs, save for good cause amply proven."* (Italics ours.)

It is our opinion that by incorporating Article 1624 in the Revised Civil Code, it was the intention of the codifiers and lawmakers to provide that the stipulations in a will disinheriting a forced heir for one of the causes enumerated in Article 1621 would be null and of no effect unless the facts upon which the disinherison is founded are proved contradictorily with the presumptive heir sought to be disinherited. The appellant here was not only not made a party to the proceedings in the lower court, but the matter of her disinherison vel non was neither pleaded, prayed for, nor adjudicated there. Consequently, the judgment of the lower court recognizing the appellees as the heirs of Mrs. Sarah Lissa Spiro and placing them in possession of her estate according to the agreement whereby they mutually distributed the property and effects thereof, and ignoring the rights of appellant as a forced heir, is null, void, and without effect.

■ But it does not necessarily follow that the will is null, as contended by the appellant. The authorities relied upon by her (Volume 17 of Scott's translation of The Civil Law, Chapter III, at page 45, and that portion of Lislet and Carleton's edition of the partidas covering Law 10 of Title VII of the Sixth Partidas, at page 1037 of Volume II) do not sustain her contention, for—as will be seen from the portion of Scott's translation incorporated in appellant's brief—" * * * where the acts of ingratitude are not established, the rights of the disinherited children cannot be prejudiced, the will shall be declared void, *so far as it relates to the appointment of heirs * * *."* (Italics ours.) More-

over, in Louisiana, according to the provisions of the Revised Civil Code and the jurisprudence thereunder, while *the disinherison* by the testator of his or her forced heirs is null unless made expressly and for a just cause (Articles 1617 and 1619), the invalidity of a portion of a will does not invalidate the will in its entirety. Fink v. Fink's Executor, 12 La.Ann. 301; McCutcheon v. McCutcheon, 15 La.Ann. 511; Dufour v. Deresheid, 110 La. 344, 34 So. 469; Succession of Reilly, 136 La. 347, 67 So. 27; Succession of Percival, 137 La. 203, 68 So. 409; and Succession of Feitel, 187 La. 596, 175 So. 72.

The alternative contention of the appellees that the case should be remanded to the lower court for the introduction of evidence is likewise without merit. The matter of appellant's disinherison was neither put at issue by the pleadings nor was she made a party to the proceedings. There is, therefore, nothing to remand.

While this appeal was pending here, Louis Spiro, one of the appellees, died, and, by order of this court, the duly qualified testamentary executrix of his succession, Mrs. Ruby Spiro Pick, was substituted in his place and stead.

For the reasons assigned, the judgment of the lower court dated August 1, 1939, placing the appellees, Louis Spiro, Mrs. Ruby Spiro Pick, Edward S. Spiro, and Joseph Spiro, Jr., in possession of the estate of the deceased, Mrs. Sarah Lissa Spiro, is annulled and set aside, at appellees' cost.