On Application for Rehearing
 

 PER CURIAM.
 

 In their application for rehearing and in the briefs filed in support of the application, appellees insist that disinherison is a testamentary disposition which can be revoked only by one of the methods prescribed by the Civil Code for the revocation of testaments, and, therefore, parol evidence is inadmissible to show that Mr. and Mrs. Louis Spiro condoned or became reconciled to the marriage of Mrs. Mathe.
 

 Conceding that disinherison is a testamentary disposition and not a mere penalty for the lack of filial respect, as contended by counsel for Mrs. Mathe, nevertheless, such a testamentary disposition is not self-operative. Something more than its mere appearance in the will is required to give it effect. The testator must not only' disinherit the heir, but he must mention the cause for the disinherison, 'and the other heirs, under penalty of nullity, must prove the facts on which the disinherison is founded. Civil Code, Article 1624.
 

 
 *154
 
 The .fact that the testator must state in the will the causes for the disinherison and that the heirs must prove the existence of those causes, necessarily requires the introduction of parol evidence in order to make the disinherison effective. If parol evidence ■ is admissible for that purpose, there is no good reason why it should not ■be admitted to show that, at the time the will was made, the cause for disinheriting the heir had ceased to exist because of the reconciliation of the testator and his offending child.
 

 In this case, nearly six years elapsed between the marriage of Mrs. Mathe and the making of the 'wills by her father and mother. The testimony clearly shows that during the interim the mother forgave her child and condoned the marriage. There is evidence to the same effect concerning the father, although perhaps it is not as strong as that in the case of the mother. But the evidence does show that prior to the making of his last will in 1939, in which the father revoked 'all his previous wills and which is the will under which the appellees are asserting the disinherison of Mrs. Mathe, he likewise forgave his daughter and became reconciled to her marriage.
 

 In the Succession of Burns, 52 La.Ann. 1377, 27 So. 883, the Court indicated, but did not decide, that parol evidence may be introduced to show condonation of the marriage of the offending child. The Court, in that case, stated that Mr. and Mrs. Burns were not reconciled to their son’s marriage either at the time they made the will, or subsequent thereto.
 

 In the Succession of Reems, 134 La. 1033, 64 So. 898, this Court said that the law does not favor the disinherison of children except for good cause amply proved.
 

 If the proof of the cause for the disinherison is. not sufficient, or if the cause has ceased to exist at the time the will is made, the attempted disinherison is null. At the time the last wills of Mr. and Mrs. Spiro were made, the cause for disinheriting Mrs. Mathe had ceased to exist and therefore the attempted disinherison was without effect.
 

 The application for a rehearing is denied.