347 So.2d 885 (1977)
Succession of Ignace DAVID, etc., Plaintiff-Appellant,
v.
Paul Ronald Dale DAVID, etc., et al., Defendants-Appellees.
No. 6022.
Court of Appeal of Louisiana, Third Circuit.
June 30, 1977.
*886 Gary E. Theall, Abbeville, for plaintiff-appellant.
Allen, Gooch & Bourgeois, Ltd. by Paul J. Breaux, Lafayette, for defendants-appellees.
Before CULPEPPER, WATSON and STOKER, JJ.
WATSON, Judge.
Plaintiff, Sigrid Ferrara, has appealed from a trial court judgment refusing a new trial with respect to an ex parte judgment of possession in the succession of Ignace David and has also appealed from the judgment of possession itself. The judgment of possession sent the three children of Ignace David into possession of all of the immovable property David owned in Louisiana and all of the movable property David owned in both Louisiana and Florida. The three children, defendants-appellees, are Joseph Bernie Wayne David, Paul Ronald Dale David, and Kathleen Alexis David, wife of Richard Broussard, all residents of Louisiana. Ignace David, although a resident of the state of Florida, died in the Abbeville General Hospital, Vermilion Parish, Louisiana, on August 6, 1975. David executed a Florida will[1] on March 21, 1975, naming Sigrid Ferrara, his fiance, who also resided in Florida, as testamentary executrix of his succession. The Florida will was recorded in the public records of Vermilion Parish on the day of David's death. The will bequeathed all of decedent's property in Florida to Sigrid Ferrara and the remainder of his estate to his three children.
The three children received the judgment of possession, as to which the new trial was asked, on the basis of affidavits. Sigrid Ferrara also filed a petition to annul the judgment of possession but the action of nullity is not at issue.
The trial court denied the new trial on the basis that this was not the proper procedure for disposing of the contest about the ex parte judgment of possession.
The legal proceedings subsequent to David's death were as follows:
The three children filed a petition on August 13, 1975, alleging that the will of Ignace David was in the possession of Sigrid Ferrara and asking that it be produced for filing in the succession record. Subsequently on September 9, 1975, a rule was filed to disqualify Sigrid Ferrara as executrix because she was a non-resident of the state who had allegedly not appointed an agent for service of process. The following month Sigrid Ferrara appointed her attorney, Gary Theall, as her agent. An exception of prematurity to the rule was filed, which was sustained, and the rule to have Sigrid Ferrara disqualified as executrix was dismissed.
An attempt was made to take Sigrid Ferrara's deposition but she moved to have the subpoena quashed and there was judgment in her favor on this rule.
In January of 1976, Sigrid Ferrara made a motion to withdraw the original will from the records of Vermilion Parish in order that it could be probated in the state of Florida. The three children opposed withdrawal of the will. The trial court denied *887 the motion, concluding that a recorded document could not be removed from the conveyance records, citing LSA-R.S. 14:132. In the interim, Paul Ronald Dale David petitioned to be appointed provisional administrator on the ground that property taxes and mortgage payments were due on the immovable property; arrangements had to be made for leasing or re-leasing the property; there were outstanding medical bills; and various other matters which required immediate attention. He was appointed on January 15, 1976. The provisional administrator filed a detailed descriptive list of the assets of the succession, which were valued at $90,019.95.
The petition for possession by the three children alleges that: the decedent, Ignace David, was married but once to Audrey Langlinais, from whom he was judicially divorced; they were the sole issue of the marriage; all of the property owned by the deceased was separate property; they were the sole heirs and entitled to the ownership in equal shares of the property belonging to the succession of the deceased; there was no necessity for administration; they desired to accept the succession unconditionally and be sent into possession. The net estate was shown as $65,242.65 and inheritance taxes on this amount were paid the State of Louisiana. A judgment of possession was rendered June 25, 1976, recognizing the three children as the sole heirs of the deceased, sending them into possession of all of his immovable property in Louisiana and all his movable property in both Louisiana and Florida, and discharging the provisional administrator.
At the hearing on the motion for new trial, various items of evidence were introduced: a certified copy of David's last will and testament; the Florida Probate Code; the property settlement between David and his former wife; a power of attorney given by David to Ms. Ferrara on July 22, 1975; David's passport, obtained February 11, 1975; David's Florida driver's license; two checks written by David on a Florida bank; a receipt for 1975 Florida real estate taxes; and an unexecuted renewal application for a 1976 Florida tax exemption. It was stipulated that no notice of the petition for possession of the judgment was given to Sigrid Ferrara or her attorney and that no effort was made to determine whether she would consent to join in the petition. There was a subsidiary issue concerning non-payment by the provisional administrator of a mortgage debt to Dothan Savings and Loan on immovable property in Florida, allegedly not paid in spite of a petition and order authorizing the provisional administrator to do so. The detailed descriptive list of the succession property included movable and immovable property in the State of Florida.
The issue is whether the trial court erred in granting the judgment of possession and in refusing to grant a new trial under the circumstances.[2]
*888 Judgments of possession are prima facie evidence of the right of the parties recognized therein to possession of the estate of the deceased. LSA-C.C.P. art. 3062. However, such a judgment is not conclusive. Succession of Feist, 287 So.2d 514 (La., 1973). A person claiming to be an heir of a deceased may appeal from an ex parte judgment placing others into possession of the estate and this remedy by appeal is independent of an action of nullity, which can be maintained at the same time. Succession of Lissa, 194 La. 328, 193 So. 663 (1940).
The word heirs includes testamentary legatees. LSA-C.C. art. 879; Succession of Dinwiddie, 263 So.2d 739 (La.App. 4 Cir. 1972). David's testament, if valid in Florida, is also valid in Louisiana and may be probated in Louisiana. LSA-C.C.P. art. 2888.
Although a testament must be probated before it can have effect, LSA-C.C. art. 1644, it can be admitted into evidence without probate and is entitled to consideration in determining whether one opposing or proposing the will has a right of action. Succession of Feitel, 187 La. 596, 175 So. 72 (1937). Ignace David's children here were aware of the existence of the will and executed an affidavit that they were his sole heirs to obtain the ex parte judgment of possession. An action of nullity is clearly appropriate. LSA-C.C.P. art. 2004. However, an action of nullity does not affect the right to appeal and a ground for nullity which appears on appeal should be considered by the appellate court. LSA-C.C.P. art. 2005.
The Code of Civil Procedure provides both peremptory and discretionary grounds for a new trial. The former are stated by art. 1972, as follows:
"A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) Where the judgment appears clearly contrary to the law and the evidence;
(2) Where the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial; or
(3) In jury cases, as provided in Article 1814."
Under art. 1972(1), a judgment clearly contrary to the law and the evidence entitles an aggrieved party to a new trial. An ex parte judgment of possession has, like all other judgments, certain requirements which must be met. LSA-C.C.P. art. 3061. The court under the law must examine the petition for possession and the record of the proceedings to determine that petitioners are entitled to the relief prayed for and that all taxes have been paid. The court "tries" these questions just as if witnesses were called and testimony taken in open court. A judgment not complying with these requirements of law is erroneous, contrary to the law and the evidence, and a new trial is mandated.
It was not the trial court which was responsible for the error in the present case. The error is attributable to the heirs who petitioned for possession, with full knowledge that there was an instrument recorded in Vermilion Parish, purporting to be the last will and testament of the deceased. The Code of Procedure covers the situation with which the children of Ignace David were confronted in LSA-C.C.P. art. 2853, as follows:
"If a person has possession of a document purporting to be the testament of a deceased person, even though he believes that the document is not the valid testament of the deceased, or has doubts concerning the validity thereof, he shall present it to the court with his petition praying that the document by filed in the record of the succession proceeding.

*889 A person so presenting a purported testament to the court shall not be deemed to vouch for its authenticity or validity, nor precluded from asserting its invalidity."
LSA-C.C.P. art. 2853 contains the mandatory word "shall" and David's children were required to present the document to the court even though they wished to contest the validity or oppose the provision that Sigrid Ferrara be appointed executrix.
The failure to grant a new trial here was manifestly erroneous. The judgment of possession is contrary to the law and the evidence. Where substantial justice has not been done and a litigant has been deprived of legal rights, a new trial should be granted. Succession of Robinson, 186 La. 389, 172 So. 429 (1937); Hardy v. Kidder, 292 So.2d 575 (La. 1974).
Accordingly, it is ordered, adjudged and decreed that the judgment of possession signed in these proceedings on June 25, 1976, be and it is hereby set aside, a new trial is ordered, and the matter is remanded to the trial court for further proceedings according to law and not inconsistent with this opinion. All costs are assessed to defendants-appellees.
REVERSED AND REMANDED.
CULPEPPER, J., concurs and assigns reasons.
CULPEPPER, Judge, concurring.
I concur except as follows. In view of the unsettled status of the jurisprudence as to whether a judgment granting or denying a new trial is appealable, I prefer to treat the present appeal as being only from the judgment of possession. This procedure has been used in several cases, Freuhauf Trailer Company v. Baillio, 252 La. 181, 210 So.2d 312 (1968); Smith v. Hartford Accident & Indemnity Company, 254 La. 341, 223 So.2d 826 (1969); Kirkeby-Natus Corporation v. Campbell, 250 La. 868, 199 So.2d 904 (1967), and King v. King, 253 So.2d 660 (La.App. 1st Cir. 1971), writ refused.
In the present case, the application for a new trial was not on the grounds of newly discovered evidence. At the time the judgment of possession was signed, the record contained evidence showing the existence of a will, and, therefore, the judgment of possession was clearly erroneous. I agree the judgment of possession must be reversed. However, I would not remand for a new trial. Instead, I would remand for further proceedings in accordance with law and the views expressed herein.
NOTES
[1] The trial court, in reasons for judgment (TR. 34-35), described the will as valid under the laws of Florida. We express no opinion on the validity of the will since that issue is not before us.
[2] The following observations are those of the author and do not reflect the opinion of the other two members of the panel:

There is conflict in the jurisprudence about whether a trial court's refusal to grant a new trial is appealable. While the present appeal is from both the judgment of possession and denial of the motion for new trial, (Quaere: what is the point in drawing a distinction between an appeal from a judgment and an appeal from the denial of a new trial when the grounds urged for new trial are that the judgment is contrary to the law and the evidence under LSA-C.C.P. art. 1972?) it is appropriate to address the question of whether the denial of new trial is subject to appeal.
In the past many cases have stated that there is no appeal from the denial of a motion for new trail. See for example: State v. Martin, 207 La. 410, 21 So.2d 481 (1945), and General Motors Accept. Corp. v. Deep South Pest Con., 247 La. 625, 173 So.2d 190 (1965).
However, there are other cases which take precisely the opposite view: Succession of Robinson, 186 La. 389, 172 So. 429 (1937), and Hardy v. Kidder, 292 So.2d 575 (La., 1974).
The Hardy case is particularly instructive since it is the latest expression of the Louisiana Supreme Court on the question. That court does not, either in its original opinion, the opinion on rehearing, or in the two dissents, express any reservation about entertaining an appeal from the denial of a new trial.
In the original opinion by Justice Marcus, the "sole issue" was stated to be "whether the trial judge abused his discretion in denying defendant's motion for a new trial . . ." (292 So.2d 576); and, on rehearing, Justice Tate said the "sole issue" was "whether the trial judge erred in denying defendant's motion for a new trial . . ." (292 So.2d 577). A new trial was ordered in Hardy and there was no dispute on the Court about reviewing the case, the dissenters contending only that a new trial should not be ordered under the circumstances.
In view of the current status of the jurisprudence as reflected by Hardy, the author believes that it is entirely appropriate to entertain the present appeal, either as to the judgment of possession or as to the denial of a new trial.