562 So.2d 52 (1990)
SUCCESSION OF Emile VIDRINE.
No. 89-7.
Court of Appeal of Louisiana, Third Circuit.
May 23, 1990.
Clyde Fontenot, Ville Platte, for plaintiff/appellee.
Ted W. Hoyt and George J. Forest, Lafayette, for defendants/appellants.
Before DOMENGEAUX, C.J., and FORET and STOKER, JJ.
DOMENGEAUX, Chief Judge.
Emile Vidrine died testate on September 5, 1988. In a statutory will executed on August 2, 1988, Emile disinherited his son and forced heir, Ronald Frank Vidrine, whom he claimed "never made any attempt to see me, call me, write me, or otherwise communicate with me during his whole lifetime."
The legatees under the will were Emile's surviving widow, Mary Ann B. Vidrine, and his other child and forced heir, Jo Ann Vidrine Moore. On September 13, 1988, Mary Ann and Jo Ann petitioned the court for probate of Emile's testament and for possession of their legacies. The affidavit of death and heirship identified Ronald Frank as a child of the deceased, but the record reveals that he was given no notice of these proceedings. On October 6, 1988, the trial judge signed an ex parte judgment of possession, placing Mary Ann and Jo Ann in possession of the succession under the terms of Emile's will.
On December 6, 1988, Ronald Frank filed an appeal from the judgment of possession, alleging that he was unaware of his father's death and of these proceedings until November of 1988, and further alleging that the grounds for disinherison recited in Emile's will were untrue.
A disinherison, to be valid, must be made in one of the forms prescribed for testaments. La.C.C. art. 1618. The disinherison must be made by name and expressly, and for just cause, otherwise it is null. La.C.C. art. 1619. There are no just *53 causes for disinherison but those expressly recognized by law. La.C.C. art. 1620.
La.C.C. art. 1624 requires the testator to express in his will the reasons for disinherison of a forced heir. Prior to 1985, the other heirs of the testator were obliged to prove the facts on which the disinherison was founded, otherwise the disinherison was null. In 1985, the legislature amended art. 1624, shifting the burden to the disinherited forced heir to prove that the cause stipulated for disinherison did not exist or that the forced heir was reconciled with the testator after the acts alleged to constitute the cause for disinherison. In 1989, the legislature again amended this article, requiring proof of reconciliation to be clear, unequivocal, evidenced in writing and signed by the testator.
In Succession of Lissa, 195 La. 438, 196 So. 924 (1940), the Louisiana Supreme Court interpreted article 1624 to require a contradictory hearing for proof of the facts upon which the disinherison is based. Annulling an ex parte judgment of possession rendered without such a hearing, the Supreme Court stated:
It is our opinion that by incorporating article 1624 in the Revised Civil Code, it was the intention of the codifers and lawmakers to provide that the stipulations in a will disinheriting a forced heir for one of the causes enumerated in article 1621 would be null and of no effect unless the facts upon which the disinheron is founded are proved contradictorily with the presumptive heir sought to be disinherited. The appellant here was not only not made a party to the proceedings in the lower court, but the matter of her disinherison vel non was neither pleaded, prayed for, nor adjudicated there.
196 So. 924, 926.
Although article 1621 now includes a rebuttable presumption that the facts alleged to support the disinherison are correct, we do not believe the 1985 amendments to articles 1621 and 1624 deprive the disinherited forced heir of his right to be heard contradictorily. The amendments relate only to the burden of proof, shifting it to the disinherited heir and making it more onerous in the proof of reconciliation.
A judgment of possession is prima facie evidence of the right of the parties recognized therein to the possession of the estate of the deceased. La.C.C.P. art. 3062. However, like all judgments, an ex parte judgment of possession must meet certain requirements. La.C.C.P. art. 3061 authorizes the court to sign such a judgment only if it finds from an examination of the petition for possession and from the record of the proceedings that the petitioners are entitled to the relief prayed for and that all inheritance taxes due, if any, have been paid. As we stated in David v. David, 347 So.2d 885 (La.App. 3rd Cir. 1977):
The court "tries" these questions just as if witnesses were called and testimony taken in open court. A judgment not complying with these requirements of law is erroneous, contrary to the law and evidence, and a new trial is mandated.
347 So.2d 885, 888.
From the record, it is clear petitioners are not entitled to the relief prayed for. Under La.C.C. art. 1624, the forced heir, Ronald Frank Vidrine, should have been given notice of these proceedings, thereby affording him the opportunity to rebut the presumption in article 1621.
This appeal does not come to us on a motion for a new trial, but rather as a devolutive appeal from an ex parte judgment of possession. A person claiming to be an heir of a deceased may appeal from an ex parte judgment placing others into possession of the estate, and this remedy by appeal is independent of an action of nullity, which can be maintained at the same time. David v. David, supra, at page 888.
For the above and foregoing reasons, the judgment of the trial court placing Mary Ann B. Vidrine and Jo Ann Vidrine Moore into possession of the estate of Emile Vidrine is hereby reversed. The case is remanded to the trial court for further proceedings not inconsistent with this opinion. *54 All costs of this appeal are assessed against the appellees.
REVERSED AND REMANDED.