RGOTHARD, Judge.
Robert Johnson appeals an ex parte judgment of possession in the succession of his wife, Mildred Crockett Johnson. This action began on September 18, 1997 with the filing of a “Petition for Probate of Statutory Testament and Confirmation of Execution”, in which the petitioner, .Shelia B. Lister, seeks to open the testate succession of her late mother, Mildred Crockett Johnson, and to be confirmed as testamentary executrix. In the petition it is alleged that the decedent, Mildred Crockett Johnson, died testate in New Orleans on December 14,1996. An attached copy of the will shows that the decedent bequeathed all of her property to her nine children, in equal portions. Ms. Lister, and one of the other children, executed renunciations of the unopened succession. At the same time, a “Petition for Possession” was filed on behalf of the remaining seven heirs in which it was alleged that the deceased was married twice; once- to |3the father of the heirs, and a second time to Robert Johnson, appellant herein. No children were born of the second union.. The petition also alleges that all of the decedent’s property was separate in legal nature. The descriptive list which is attached to the petition lists that separate property as including immovable property located at 2112 Caddy Drive, Mar-rero, Louisiana, as well as household goods located at that address. None of the pleadings were served on the surviving spouse, appellant herein. On the same day, the trial court issued a judgment of possession placing the heirs in possession of the above mentioned property.
On October 27, • 1997 Mr. Johnson, decedent’s husband, filed a “Petition of Intervention, Petition for Declaratory Judgment and to Nullify Judgment-of Possession”. In that petition, Mr. Johnson acknowledged that the immovable property located at 2112 Caddy Drive was separate property. However, Mr. Johnson makes a claim for reimbursement for community funds used to pay the mort *1056 gage insurance, and make repairs on the home. He further alleges that the household goods were community property, and should have been reduced by his one-half undivided interest before distribution.
On November 17,1997, Mr. Johnson filed a motion to dismiss his petition without prejudice, which was granted on the same day. He also filed a motion for appeal of the September 18, 1997 judgment of possession. That motion was denied by the trial court. On the following day Mr. Johnson filed a motion for devolutive appeal from the judgment of possession, which was granted.
In brief to this court, Mr. Johnson defends his right to appeal the judgment of possession, and addresses the merits of the correctness of the judgment. In his argument on the former, he maintains that he has filed a separate action for nullity, but asserts that does not present a bar to this appeal.
|4The heirs placed in possession by the judgment at issue challenge Mr. Johnson’s right to appeal. As we interpret the argument in brief, they concede that a party who could have intervened in the suit may appeal pursuant to LSA-C.C.P. art.2086. However, they maintain the appeal in this matter is untimely, and should be dismissed.
LSA-C.C.P. article 2087 provides that a devolutive appeal may be taken within sixty days of the expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, if no application has been filed timely. LSA-C.C.P. article 1974 provides that the delay for filling a motion for new trial is seven days exclusive of legal holidays.
In the instant case, the judgment was signed on September 18, 1997. Thus, the expiration date for the filing of a motion for new trial was September 29, 1997. The motion for devolutive appeal was filed on November 18, 1997, well within the sixty days provided for in the article. Accordingly, we find the motion for appeal was filed timely and is properly before us.
MERITS
Appellant argues that the trial court erroneously granted a judgment of possession without recognizing the community of acquets and gains which existed between him and the deceased, and the community interests which flow from that community. Those interests include his ownership in indivisión of some of the property subject to the judgment, his right to reimbursement for community funds used to satisfy separate obligations of the deceased, and his right of reimbursement for community funds used to improve the separate property of the deceased.
LSA-C.C.P. article 3031 provides that the legatees may be sent into possession on an ex parte petition when all are competent or adequately ^represented, and have accepted the succession unconditionally. That article also requires that none of the creditors of the succession has demanded its administration, and provides that the surviving spouse may be recognized as entitled to the possession of community property.
LSA-C.C.P. article 3061 provides:
The court shall render and sign immediately a judgment of possession, if it finds from an examination of the petition for possession, and from the record of the proceeding, that the petitioners are entitled to the relief prayed for, and that all inheritance taxes due have been paid or deposited into the registry of the court, or that no such taxes are due and that an inheritance tax return, with the required accompanying documents, have been filed with the collector of revenue. The judgment shall recognize the petitioners as the heirs, legatees, surviving spouse in community, or usufructuary, as the ease may be, of the deceased, send the heirs or legatees into possession of the property owned by the deceased at the time of his death, and recognize the surviving spouse in community as entitled to the possession of an undivided one-half of the community property, and of the other undivided one-half to the extent that he has the usufruct thereof.
It is only when an examination of the petition and review of the entire record clearly reveals entitlement to possession that the court has authority to render such a judgment. Succession of Vidrine, 562 So.2d 52 *1057 (La.App. 3 Cir.1990). Thus the classification of property as separate or community is an essential element. Succession of Latham, 571 So.2d 797 (La.App. 2 Cir.1990).
Our review of the judgment of possession must consider the petition and the record before the trial court at the time of the judgment. The petition acknowledges the surviving spouse, but classifies the property which is subject to the judgment of possession as separate in nature. The petition is verified as correct by the testamentary executrix. The record also shows that the will was proved and accepted by the court in accordance with law. The will, which bequeaths all of the property to the decedent’s nine children and which lespecifically denies Robert Johnson any usufruct over the property, is attached. Also included in the record are two affidavits of renunciation by two of the nine heirs, an “Affidavit of Death, Domicile and Heirship”, and the certification to the court that the inheritance tax has been paid.
It is clear from the documents presented to the court that, at the time of her death, the decedent was legally married to Robert Johnson. It is also clear that Mr. Johnson was not notified of the succession proceeding. There is no indication that a community of acquets and gains did not exist between the parties. There is simply an assertion, without proof, that the property included in the descriptive list is separate in nature.
LSA-C.C. art 2340 provides that “(t)hings in the possession of a spouse during the existence of a regime of community of acquets and gains are presumed to be community”. That article further provides that either spouse may rebut that presumption. This strong presumption can only be overcome by clear and convincing evidence. Madere v. Modere, 93-610 (La.App. 5 Cir. 2/9/94), 632 So.2d 1180. Considering the record, we find there was insufficient legal proof to rebut the strong presumption that the property listed in the descriptive list was community. Accordingly, the trial court erred in granting the ex parte judgment of possession. For the foregoing reasons, we reverse the trial court’s judgment in this matter.
REVERSED.